

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

JARRETT B. PERLOW
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

January 14, 2025

United States District Court for the Eastern District of Michigan
231 W. Lafayette Blvd.
Detroit, MI 48226

**Re:  Merit Systems Protection Board, CH-0752-18-0471-I-1**
**Dobbins v. Transportation, 24-2290**

Dear Clerk:

On January 14, 2025, the United States Court of Appeals for the Federal Circuit issued an order transferring this case to your court. Attached is a copy of the order, public docket sheet, and publicly available documents.

Please contact the Clerk's Office at the number above if you need further information regarding this case.

Very truly yours,

Jarrett B. Perlow
Clerk of Court

By: M. Ames, Deputy Clerk

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**MICHAEL D. DOBBINS,**
*Petitioner*

**v.**

**DEPARTMENT OF TRANSPORTATION,**
*Respondent*

_____

2024-2290

_____

Petition for review of the Merit Systems Protection Board in No. CH-0752-18-0471-I-1.

_____

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

# O R D E R

The Merit Systems Protection Board affirmed Michael D. Dobbins's demotion and rejected his affirmative defense of discrimination based on race, which Mr. Dobbins continues to pursue. Following this court's November 19, 2024, order directing the parties to address this court's jurisdiction, both parties argue this court lacks jurisdiction and should transfer the matter to the United States District Court for the Eastern District of Michigan.

2                                          DOBBINS v. TRANSPORTATION

Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, § 7702. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). Here, Mr. Dobbins raised a claim of covered discrimination before the Board and continues to pursue that claim such that his case belongs in district court. We agree with the parties that transfer to the Eastern District of Michigan, where the employment action appears to have occurred, is appropriate. 28 U.S.C. § 1631.

Accordingly,

IT IS ORDERED THAT:

This matter and all case filings are transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 14, 2025
Date

**General Docket**
**United States Court of Appeals for the Federal Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 24–2290 | **Docketed:** 09/05/2024 |

Dobbins v. Transportation
**Appeal From:** Merit Systems Protection Board
**Fee Status:** fee due

**Case Type Information:**
   **1)** Agency
   **2)** Board
   **3)** –

**Originating Court Information:**
   **District:** MSPB–1 : CH–0752–18–0471–I–1
   **Date Rec'd COA:**
   08/29/2024

**Prior Cases:**
   None

**Current Cases:**
   None

| | |
|---|---|
| MICHAEL DOBBINS<br>        Petitioner | Michael Dobbins, –<br>Direct: 313–645–6811<br>Email: mdobbins84@gmail.com<br>[NTC Pro Se]<br>21151 Adams Point Terrace<br>Broadlands, VA 20148 |
| v. | |
| DEPARTMENT OF TRANSPORTATION<br>        Respondent | Kyle Shane Beckrich, Trial Attorney<br>Direct: 202–616–9322<br>Email: Kyle.Beckrich@usdoj.gov<br>[LD NTC Government]<br>United States Department of Justice<br>Commercial Litigation Branch, Civil Division<br>PO Box 480<br>Ben Franklin Station<br>Washington, DC 20044 |

MICHAEL D. DOBBINS,

     Petitioner

v.

DEPARTMENT OF TRANSPORTATION,

     Respondent

| | | |
|---|---|---|
| 09/05/2024 | 1 | Appeal docketed. Received: 08/29/2024. [1030265]<br>Fee/IFP due on 09/19/2024. 15(c) due on 09/19/2024. Entry of Appearance due 09/19/2024. Certified List due on 10/15/2024. [MMA] [Entered: 09/05/2024 01:12 PM] |
| 09/10/2024 | 2 | Official caption revised to correct the Respondent. (see attached). Service as of this date by the Clerk of Court. [1031127] [MMA] [Entered: 09/10/2024 01:20 PM] |
| 09/11/2024 | 3 | Entry of Appearance for Kyle S. Beckrich as counsel for Respondent Department of Transportation. Service: 09/11/2024 by email, US mail. [1031516] [24–2290] [Kyle Beckrich] [Entered: 09/11/2024 04:19 PM] |
| 10/16/2024 | 4 | Certified list received. Service: 10/10/2024 by email. Refer to Fed. Cir. R. 31 for calculating brief deadlines from service of the certified list. [1040199] [MMA] [Entered: 10/16/2024 03:32 PM] |
| 10/16/2024 | 5 | Notice to Petitioner Michael Dobbins: The record of this case indicates that the Statement Concerning Discrimination under FCR 15(c), Notice of Unrepresented Person Appearance under FCR 47.3(b), and docketing fee or a motion for leave to proceed in forma pauperis under FCR 52 has been filed. Failure to file required documents may result in dismissal or other action as deemed appropriate by the court. *See* FCR 25(h). Service as of this date by the Clerk of Court. [1040205] [MMA] [Entered: 10/16/2024 03:37 PM] |
| 10/17/2024 | 6 | Notice of Unrepresented Person Appearance and Consent to Electronic Filing and Service for Petitioner Michael Dobbins. Service: 10/24/2024 by clerk. [1042350] [MMA] [Entered: 10/24/2024 01:58 PM] |
| 10/17/2024 | 7 | Statement Concerning Discrimination pursuant to Fed. Cir. R. 15(c) for Petitioner Michael Dobbins. Service: 10/24/2024 by clerk. [1042351] [MMA] [Entered: 10/24/2024 01:59 PM] |
| 10/17/2024 | 8 | INFORMAL OPENING BRIEF FILED by Petitioner Michael Dobbins. Service: 10/24/2024 by clerk. (PENDING COMPLIANCE REVIEW) [1042357] [MMA] [Entered: 10/24/2024 02:05 PM] |
| 10/17/2024 | 9 | MOTION of Petitioner Michael Dobbins to extend time. Service: 10/24/2024 by clerk. [1042362] [MMA] [Entered: 10/24/2024 02:11 PM] |
| 11/19/2024 | 10 | ORDER filed to show cause; Within 30 days from the date of entry of this order, the parties are directed to address this court's jurisdiction including whether this matter should be dismissed or transferred and, if transferred, identify an appropriate court. ECF No. [9] is granted to the extent that documents filed as ECF Nos. 6–8 are accepted for filing. Otherwise, the proceedings are stayed. (Per Curiam). Service as of this date by the Clerk of Court. [1048089] [NL] [Entered: 11/19/2024 11:50 AM] |
| 12/05/2024 | 11 | RESPONSE of Respondent Department of Transportation to Doc. No. [10], [10]. Service: 12/05/2024 by email, US mail. [1051998] [24–2290] [Kyle Beckrich] [Entered: 12/05/2024 11:42 AM] |
| 12/05/2024 | 12 | RESPONSE of Petitioner Michael Dobbins to Doc. No. [10],[10]. Service: 12/10/2024 by clerk. [1053057] This document is non–compliant. See Doc No. [13] [MMA] [Entered: 12/10/2024 11:49 AM] |
| 12/10/2024 | 13 | NOTICE OF NON–COMPLIANCE: The submission of Petitioner Michael Dobbins, Response [12], is not in compliance with the rules of this court (see attached). Compliant document due on 12/17/2024. Service as of this date by the Clerk of Court. [1053059] [MMA] [Entered: 12/10/2024 11:51 AM] |
| 12/12/2024 | 14 | RESPONSE of Petitioner Michael Dobbins to Doc. No. [10], [10]. Service: 12/05/2024 by email. [1053931] [24–2290] [Michael Dobbins] [Entered: 12/12/2024 05:00 PM] |
| 01/14/2025 | 15 | ORDER filed transferring this matter and all case filings to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1631. (Per Curiam). Service as of this date by the Clerk of Court. [1060590] [NL] [Entered: 01/14/2025 09:49 AM] |



# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

JARRETT B. PERLOW
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

September 5, 2024

## NOTICE OF DOCKETING

**Federal Circuit Docket No.:** 2024-2290

**Federal Circuit Short Caption:** Dobbins v. Treasury

**Date of Docketing:** September 5, 2024

**Originating Tribunal:** Merit Systems Protection Board

**Originating Case No.:** CH-0752-18-0471-I-1

**Petitioner:** Michael D. Dobbins

A petition for review has been filed and assigned the above Federal Circuit case number. The court's official caption is included as an attachment to this notice. Unless otherwise noted in the court's rules, the assigned docket number and official caption or short caption must be included on all documents filed with this Court. It is the responsibility of all parties to review the Rules for critical due dates. The assigned deputy clerk is noted below and all case questions should be directed to the Case Management section at (202) 275-8055.

**CERTIFIED LIST:** The agency or arbitrator is directed to forward the certified list as promptly as possible but no later than 40 days from the date of this notice.

The following filings are due within 14 days of this notice:

- Entry of Appearance or Notice of Unrepresented Person. (Fed. Cir. R. 47.3.)
- Certificate of Interest. (Fed. Cir. R. 47.4; not required for unrepresented and federal government parties unless disclosing information under Fed. Cir. R. 47.4(a)(6))
- Docketing Statement. Note: The Docketing Statement is due in 30 days if the United States or its officer or agency is a party in the appeal. (Fed. Cir. R. 47.6 and the Mediation Guidelines; no docketing statement is required in cases with an unrepresented party)

- [Statement Concerning Discrimination](#) in MSPB or arbitrator cases. (Fed. Cir. R. 15(c); completed by petitioner only)
- Fee payment or appropriate fee waiver request, if the docketing fee was not prepaid (see Fee Payment below).

**FILING DOCUMENTS:** Each counsel representing a party must be a member of the court's bar and registered for the court's electronic filing system. Parties represented by counsel must make all filings through the court's electronic filing system.

Unrepresented parties may choose to submit case filings to the court either in paper or through the court's electronic filing system; electronic filing will only be permitted for unrepresented parties after successful registration for the court's electronic filing system and submission of a completed Notice of Unrepresented Person Appearance. Fed. Cir. R. 25(a). The court's Electronic Filing Procedures may be accessed at www.cafc.uscourts.gov/contact/clerks-office/filing-resources.

**CONTACT INFORMATION:** Electronic filers, or unrepresented parties registered to receive electronic service, must update their contact information in their PACER service center profile whenever their contact information changes. Counsel must file an amended Entry of Appearance and unrepresented parties must file an amended Notice of Unrepresented Person Appearance whenever contact information changes. Fed. Cir. R. 25(a)(5).

**FEE PAYMENT:** Unless the filing fee was prepaid, fee payment must be submitted within fourteen days after this notice. Fed. Cir. R. 52(d). For outstanding docketing fees due to this court, electronic filers must pay the fee using the event Pay Docketing Fee through the court's electronic filing system. Fed. Cir. R. 52(e). Docketing fees due to other courts, such as U.S. District Courts, the U.S. Court of Appeals for Veterans Claims, and non-vaccine cases at the U.S. Court of Federal Claims, must be submitted to those courts in accordance with their procedures. A filer wishing to proceed without fee payment must submit a motion for leave to proceed in forma pauperis, or other fee waiver request, within fourteen days.

**OFFICIAL CAPTION:** The court's official caption is attached and reflects the lower tribunal's caption pursuant to Fed. R. App. P. 12(a), 15(a), and 21(a). Please review the caption carefully and promptly advise this court in writing of any improper or inaccurate designations.



Jarrett B. Perlow
Clerk of Court

By: M. Ames, Deputy Clerk

**Attachments:**

- Official caption
- Paper Copies of General Information and Forms (to unrepresented parties only):
  - General Information and Overview of a Case in the Federal Circuit
  - Notice of Unrepresented Person Appearance
  - Informal Brief
  - Informal Reply Brief (to be completed only after receiving the opposing party's response brief)
  - Motion and Affidavit for Leave to Proceed in Forma Pauperis (only to filers owing the docketing fee)
  - Supplemental in Forma Pauperis Form for Prisoners (only to filers in a correctional institution)
  - Statement Concerning Discrimination (only to petitioners in MSPB or arbitrator case)

**cc:** Merit Systems Protection Board

**Official Caption**

**MICHAEL D. DOBBINS,**
*Petitioner*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent*

**Short Caption**

Dobbins v. Treasury

FORM 5. Petition for Review/Notice of Appeal of an Order or Decision of an Agency, Board, Commission, Office, Bureau, or the US Court of Federal Claims (vaccine appeals only))

Form 5
March 2023

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## PETITION FOR REVIEW/NOTICE OF APPEAL

Notice is hereby given that the petitioner(s)/appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Originating Tribunal *(Name of Agency, Board, Commission, Office, Bureau, or Court whose decision is being appealed)*:     MSPB

Case number being appealed:     CH-0752-18-0471-l-1

Case title being appealed:     Michael D. Dobbins V. Department of transportatio

Date of final decision or order being appealed:     07/05/2024

Date decision or order was received:     07/09/2024

☑ I have attached a copy of the decision or order being appealed.

**List all Petitioners/Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

Michael Dobbins

Date: 08/29/2024

Signature:

Name: Michael Dobbins

Address: 21151 Adams Point Ter

Broadlands, VA 20148

Phone Number: 313-645-6811

Email Address: mdobbins84@gmail.com

2024 AUG 29 PM 3:10

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL D. DOBBINS,
　　　　　　Appellant,

v.

DEPARTMENT OF
　TRANSPORTATION,
　　　　　　Agency.

DOCKET NUMBER
CH-0752-18-0471-I-1

DATE: July 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

H. Jerome Briscoe, Windsor Mills, Maryland, for the appellant.

Jose Ortiz, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

　　The appellant has filed a petition for review of the initial decision, which affirmed his demotion. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's retaliation claim and allegation that the penalty was not consistent with penalties levied against other employees for similar offenses, we AFFIRM the initial decision.

## BACKGROUND

Effective June 29, 2014, the agency demoted the appellant from the position of Supervisory Air Traffic Control Specialist, AT-2152-EJ, to the position of Air Traffic Control Specialist, AT-2152-EH, based on the following reasons: (1) exhibiting a sleep-like state while on duty; (2) misuse of Government time; and (3) failure to comply with security procedures. Initial Appeal File (IAF), Tab 21 at 54-57, 63-64.[1] Both positions are with the Federal Aviation Administration at the Willow Run Air Traffic Control Tower in Belleville, Michigan. *Id.* at 54-55.

The appellant timely filed a Board appeal of his demotion, and he requested a hearing. IAF, Tab 1 at 1-9, Tab 50, Initial Decision (ID) at 2 & n.1. He raised the affirmative defenses of race discrimination, retaliation for activity protected under Title VII of the Civil Rights Act of 1964, and harmful procedural error. IAF, Tab 1 at 9, Tab 26, Tab 32 at 1-2, Tab 37 at 2.

[1] The appellant's supervisor was the proposing and deciding official. IAF, Tab 21 at 55-56, 63

After holding a hearing by video conference, the administrative judge issued an initial decision affirming the appellant's demotion. ID at 2, 17; IAF, Tab 7 at 1-2. Specifically, she found that the agency proved all of its stated reasons for the demotion, that the agency's action was taken for such cause as promotes the efficiency of the service, and that the penalty of demotion is within the bounds of reasonableness. ID at 3-9, 13-17. She further found that the appellant did not prove his affirmative defenses. ID at 9-13.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant does not challenge, and we discern no reason to disturb, the administrative judge's findings that the agency proved that the charged misconduct occurred and there was a nexus between the sustained misconduct and the efficiency of the service. PFR File, Tab 1; ID at 3-9. Instead, his arguments on review mainly concern the affirmative defenses and the reasonableness of the penalty. PFR File, Tab 1. For the following reasons, we find that he has failed to provide a basis to disturb the initial decision.[2]

The appellant's due process and harmful procedural error arguments are unavailing.

For the first time on review, the appellant argues that the agency violated his constitutional due process rights by providing false "notice" in the notice of proposed demotion that the deciding official would consider the agency's Table of Penalties. *Id.* at 2; IAF, Tab 21 at 64. The appellant asserts that the deciding official testified that he did not consider the Table of Penalties. PFR File, Tab 1

---

[2] The appellant's mere disagreement with the administrative judge's findings regarding his harmful procedural error claims does not provide a basis to disturb the initial decision. PFR File, Tab 1 at 9; ID at 9-10; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

at 2. Further, the appellant reasserts his claim from his written closing argument that the deciding official's testimony that the Table of Penalties did not apply to the appellant as a non-bargaining-unit, supervisory employee shows that the agency committed harmful procedural error. *Id.* at 2-3; IAF, Tab 45 at 7.

The appellant has not explained why he was unable to raise his new due process argument before the administrative judge despite his due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (observing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Nevertheless, as the U.S. Court of Appeals for the Federal Circuit held in *Farrell v. Department of the Interior*, 314 F.3d 584, 593 (Fed. Cir. 2002), "there is no constitutional requirement that an agency provide advance notice of the possible range of penalties. Due process does not require that an agency post the specific penalties to which an employee could be subject for any particular violation." Moreover, the appellant has mischaracterized the deciding official's testimony. Although the deciding official testified that he believed the Table of Penalties did not apply to the appellant, he also testified that he still considered it in making his decision. ID at 16; Hearing Transcript (HT) at 38-39, 101, 107 (testimony of the deciding official). Thus, even assuming that the deciding official held a mistaken belief about the Table of Penalties, the appellant has failed to explain how the deciding official's alleged error was harmful. *See Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 19 (2016) (explaining that, to establish harmful error, an appellant must prove that a procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error); *see also* 5 C.F.R. § 1201.4(r) (providing that the appellant has the burden to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his rights).

5

We affirm the administrative judge's findings that the appellant failed to prove
the affirmative defenses of race discrimination and retaliation for protected
activity under Title VII, as modified to supplement her analysis of his retaliation
claim.

The appellant challenges on review the administrative judge's findings that
he failed to prove the affirmative defenses of race discrimination and retaliation
for protected activity under Title VII. PFR File, Tab 1 at 3-4, 7-9; ID at 10-13.
To establish a claim of race discrimination or retaliation, an appellant must show
that the prohibited consideration was at least a motivating factor in the personnel
action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31,
¶¶ 21-22. Considering the record evidence as a whole, we agree with the
administrative judge's finding that the appellant did not meet his burden of
proving that race discrimination was a motivating factor in his demotion.[3] ID
at 12; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding that
the Board will not disturb an administrative judge's findings when the
administrative judge considered the evidence as a whole, drew appropriate
inferences, and made reasoned conclusions on issues of credibility); *Broughton v.
Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Regarding his retaliation claim, the appellant contends that the
administrative judge erroneously failed to find that he engaged in protected
activity under Title VII when he purportedly told the deciding official in February
2014 that the agency's investigation into allegations against him was the product
of racial animus. PFR File, Tab 1 at 3-4. The administrative judge acknowledged
the appellant's argument that his protected activity was "speaking his mind"
about alleged harassment due to the investigation into the subordinate employee's
allegations against him. ID at 11; IAF, Tab 26 at 2. However, she apparently
found that the appellant did not engage in prior equal employment opportunity

---

[3] Because we find no error with the administrative judge's motivating factor analysis or
conclusion regarding the appellant's discrimination claim, we do not reach the question
of whether the appellant's race was a "but-for" cause of the demotion. *Johnson v.
Department of Veterans Affairs*, 2023 MSPB 9, ¶ 5 n.2.

Case 2:25-cv-02422-APD Document 16-2 Page 175 Filed 06/09/05-20/2025 18 of 111 of 108)

(EEO) activity because he filed an EEO complaint after his demotion. ID at 11-12. We modify the initial decision to supplement the administrative judge's analysis of the appellant's retaliation claim, as follows.

Even assuming that the appellant's alleged February 2014 conversation constitutes protected activity under the opposition clause of 42 U.S.C. § 2000e-3(a), we find that he has failed to prove by preponderant evidence that such activity was a motivating factor in his demotion. The appellant testified regarding the alleged February 2014 conversation with the deciding official and his belief that the agency retaliated against him for objecting to "harassment" by the subordinate employee. HT at 160-61, 177, 179-80 (testimony of the appellant). Although the deciding official did not testify about the alleged February 2014 conversation, he testified that he did not consider the subordinate employee's potential bias as a mitigating factor. HT at 105 (testimony of the deciding official).

The administrative judge acknowledged the appellant's argument that the agency's reasons for demoting him were not worthy of belief and were pretext retaliation. ID at 11. The administrative judge considered the testimony of the subordinate employee, the appellant, and the deciding official, and she concluded that the deciding official credibly testified about the reasons he proposed and decided to demote the appellant. ID at 11-12. She further found no evidence linking the subordinate employee's allegedly discriminatory animus to the deciding official's decision to demote the appellant. *Id.*; *cf. Brown v. Department of Justice*, EEOC Appeal No. 0120045121, *16 (December 20, 2006) (holding that the responsible management official did not need to have racial animus against the complainant to support a finding of discrimination when the official heavily relied upon the accounts of employees who harbored racial animus against the complainant in deciding to terminate). We find that he has failed to provide a sufficiently sound reason to disturb the administrative judge's finding that the deciding official credibly testified about the reasons he proposed and

Case 2:25-CCaase224422000-APDDoEumeanttl6-2PageP3186 FiFidedo30280557420285e 19 of 1111B of 108)

decided to demote the appellant. ID at 11-12; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). After reviewing the documentary and testimonial evidence as a whole, we find very little evidence to support the appellant's speculation that the February 2014 conversation influenced the demotion decision in any way. In particular, we find that the appellant's speculative and conclusory testimony on this issue and the close proximity in time between the alleged February 2014 conversation and his demotion, without more, are insufficient to prove by preponderant evidence that this conversation was a motivating factor in the demotion.

<u>We affirm the administrative judge's finding that the penalty of demotion is within the bounds of reasonableness, as modified to supplement her analysis of the appellant's claim that the agency treated him more harshly than similarly situated individuals.</u>

For the reasons described in the initial decision, we agree with the administrative judge's findings that the deciding official considered the relevant *Douglas* factors and that the penalty of demotion is within the bounds of reasonableness. ID at 13-17; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant for consideration in assessing the reasonableness of an agency-imposed penalty). Specifically, the deciding official considered the appellant's sincere apology, length of service, lack of prior discipline, satisfactory performance, and personal and medical issues, but he justifiably decided to demote him because of the seriousness of the three offenses that were directly related to his supervisory position. ID at 15; HT at 38-41, 99-100, 105 (testimony of the deciding official); IAF, Tab 21 at 56; *see Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006) (observing that the most important factor in assessing the reasonableness of a penalty is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities and that agencies are entitled to hold supervisors to a higher standard of conduct because

they occupy positions of trust and responsibility), *aff'd*, 224 F. App'x 974 (Fed. Cir. 2007).

The appellant reasserts on review his arguments from his closing argument that the agency failed to consider the following relevant factors: the lack of discipline imposed on a supervisor who was known to have slept on the job; the consistency of the penalty with the Table of Penalties; the lack of prior warning about his conduct; and certain mitigating circumstances (the illegality of the photographs, his serious back injury, his wife's car emergency, and the subordinate employee's jealousy and biased motives). PFR File, Tab 1 at 4-5; IAF, Tab 45 at 9-10. The appellant further argues that the deciding official failed to follow the guidance provided in the Table of Penalties. PFR File, Tab 1 at 7. For the reasons explained below, we discern no basis to disturb the administrative judge's finding that the deciding official considered the relevant *Douglas* factors. ID at 14.

The deciding official testified that he considered the appellant's back injury as a mitigating factor but not the subordinate employee's possible bias or the illegality of the photographs. HT at 105-06 (testimony of the deciding official). The deciding official stated in his decision that he considered as mitigating factors the appellant's personal and medical issues that he mentioned in his written reply to the proposed demotion. IAF, Tab 21 at 56. In his written reply, the appellant discussed having medical issues and that his fiancé was pregnant and had car problems. *Id.* at 60-62. Because the appellant has failed to explain how the purported illegality of the photographs and the allegedly improper motives of the subordinate employee contributed to his misconduct, we find that the deciding official did not need to consider them as mitigating factors. *Cf. Gill v. Department of Defense*, 92 M.S.P.R. 23, ¶¶ 2, 27 (2002) (finding that the appellant's anxiety and depression and provocation by her supervisor were mitigating factors because they contributed to her disrespectful conduct).

Moreover, the record reflects that the deciding official informed the appellant in April 2013 that employee breaks away from the facility should not exceed 30 minutes typically.  ID at 5-6; HT at 44-46 (testimony of deciding official); IAF, Tab 21 at 64.  The record further reflects that the deciding official considered the Table of Penalties and that the penalty of demotion is within the recommended range of penalties.  HT at 38-39, 101 (testimony of the deciding official).  Specifically, the Table of Penalties recommends the following range of penalties for the following types of first offenses:  10-day suspension to removal for misuse of Government time; 14-day suspension to removal for failure to perform duties while sleeping or exhibiting a sleep-like state when the employee occupies a position where safety of personnel or property is endangered; and reprimand to 14-day suspension for ignoring signs, posted rules, fire alarms, or written or verbal safety instructions or regulations.  IAF, Tab 18 at 42, 46-47.  The appellant does not dispute that the agency proved all three offenses and that he is held to a higher standard as a supervisor.

In addition, the appellant alleges that the penalty was inconsistent with penalties previously levied against other employees for similar offenses.  The "consistency of the penalty with those imposed upon other employees for the same or similar offenses" is only one of the factors for consideration in determining the reasonableness of the penalty.  *Douglas*, 5 M.S.P.R. at 305.  Here, the administrative judge discussed the appellant's testimony that a retired supervisor who would sleep on duty was never disciplined.  ID at 14; HT at 161-63 (testimony of the appellant).  However, she did not determine whether the appellant's purported comparator is similarly situated for purposes of the appellant's allegation that the agency treated him more harshly than similarly situated individuals.  Therefore, we modify the initial decision to supplement the administrative judge's analysis on this issue.

After the administrative judge issued the initial decision, the Board issued *Singh v. U.S. Postal Service*, 2022 MSPB 15.  In *Singh*, the Board stated that the

universe of potential comparators "should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant." *Id.*, ¶ 13.

Here, we find that the appellant has failed to provide a valid comparator because the retired supervisor did not purportedly engage in "the same or similar offenses" as him, i.e., exhibiting a sleep-like state while on duty, misuse of Government time, and failure to comply with security procedures. *Douglas*, 5 M.S.P.R. at 305; *see Singh*, 2022 MSPB 15, ¶ 17 (observing that the Board should not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated differently). Therefore, we find that the appellant has failed to establish that the agency treated him more harshly than similarly situated individuals. We further find that the deciding official's testimony that he worked with Human Resources to confirm that demotion was consistent with the penalties previously imposed for similar offenses by other employees proves that the agency considered the corresponding *Douglas* factor. ID at 16; HT at 37-38, 101, 108 (testimony of the deciding official); *see Douglas*, 5 M.S.P.R. at 305.

To support his arguments, the appellant cites the following court cases finding that the Board erred in analyzing the relevant *Douglas* factors: *Tartaglia v. Department of Veterans Affairs*, 858 F.3d 1405 (Fed. Cir. 2017); and *Bal v. Department of the Navy*, 729 F. App'x 923 (Fed. Cir. 2018). PFR File, Tab 1 at 5-6. He also cites a decision from the District of Columbia, Office of Employee Appeals (OEA), discussing a finding by the District of Columbia Court of Appeals that an administrative law judge erred by failing to discuss the relevant *Douglas* factors. PFR File, Tab 1 at 6; *see Washington v. District of Columbia Public School System, Department of Transportation*, OEA Matter No. 1601-0129-11R16 (July 18, 2016), *available at* https://casesearch.oea.dc.gov. Here, because we agree with the administrative judge's thorough and

well-reasoned analysis of the relevant *Douglas* factors, as modified, we find that
the cases cited by the appellant are unavailing. ID at 13-17.

Accordingly, we affirm the agency's demotion action. *See Little v.
Department of Transportation*, 112 M.S.P.R. 224, ¶¶ 2, 5, 32 (2009) (concluding
that, given the multiplicity of charges, the serious nature of each of the charges,
the appellant's status as a supervisor, his admissions regarding his misconduct,
and the deciding official's proper consideration of the relevant *Douglas* factors,
the administrative judge properly affirmed the appellant's demotion from a
Supervisory Air Traffic Control Specialist to an Air Traffic Control Specialist).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the
Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain
review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of
your claims determines the time limit for seeking such review and the appropriate
forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following
summary of available appeal rights, the Merit Systems Protection Board does not
provide legal advice on which option is most appropriate for your situation and
the rights described below do not represent a statement of how courts will rule
regarding which cases fall within their jurisdiction. If you wish to seek review of
this final decision, you should immediately review the law applicable to your
claims and carefully follow all filing time limits and requirements. Failure to file
within the applicable time limit may result in the dismissal of your case by your
chosen forum.

Please read carefully each of the three main possible choices of review
below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated
the notice of review rights included in final decisions. As indicated in the notice, the
Board cannot advise which option is most appropriate in any matter.

Case 2:25-cv-02299-APM   Document No. 163   Page 21   Filed 09/05/2025   Page 24 of 111

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

15

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:

Gina K. Grippando
Clerk of the Board

Washington, D.C.

# CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

### Appellant

Electronic Service

Michael Dobbins
Served on email address registered with MSPB

### Agency Representative

Electronic Service

Jose Ortiz
Served on email address registered with MSPB

### Private Attorney

Certified Mail

H. Jerome Briscoe
8246 Church Lane, Suite F.

Windsor Mills, Maryland 21244

| 07/05/2024 | John Hayes |
|---|---|
| (Date) | John Hayes |



# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

JARRETT B. PERLOW
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

September 10, 2024

## NOTICE OF REVISED CAPTION

Re: Dobbins v. Transportation, Appeal No. 2024-2290

The court's official caption has been revised to correct the Respondent.

Please review the attached caption carefully and promptly advise this court in writing of any improper or inaccurate designations. The revised caption should be used on all future filings with the court. Previously submitted documents do not require correction.

Sincerely,

Jarrett B. Perlow
Clerk of Court

By: M. Ames, Deputy Clerk

Attachment: Revised Official Caption

**Official Caption**


**MICHAEL D. DOBBINS,**
*Petitioner*


**v.**


**DEPARTMENT OF TRANSPORTATION,**
*Respondent*


**Short Caption**

Dobbins v. Transportation

FORM 8A. Entry of Appearance

Form 8A (p.1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## ENTRY OF APPEARANCE

**Case Number:** 2024-2290

**Short Case Caption:** Dobbins v. Transportation

**Instructions:** Refer to Fed. Cir. R. 47.3 for requirements governing representation and appearance in this court. Counsel must immediately file an amended Entry of Appearance if contact information changes and update information through PACER's Manage My Account. Non-admitted government counsel should enter N/A in lieu of an admission date. Use the second page to add additional counsel.

**Party Information.** List all parties, intervenors, amicus curiae, or movants represented by below counsel; "et al." is not permitted.

Department of Transportation

| | |
|---|---|
| **Principal Counsel:** Kyle S. Beckrich | Admission Date: N/A |

Firm/Agency/Org.: United States Department of Justice, Commercial Litigation Branch

Address:
PO Box 480, Ben Franklin Station, Washington, DC 20044

| | |
|---|---|
| Phone: (202) 616-9322 | Email: Kyle.Beckrich@usdoj.gov |
| **Other Counsel:** | Admission Date: |

Firm/Agency/Org.:

Address:

| | |
|---|---|
| Phone: | Email: |

I certify under penalty of perjury that (1) the submitted information is true and accurate and (2) I am authorized to enter an appearance by all other listed counsel.

Date: 9/11/24

Signature: /s/ Kyle S. Beckrich

Name: Kyle S. Beckrich

**FORM 30. Certificate of Service**

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF SERVICE

**Case Number**    2024-2290

**Short Case Caption**    Dobbins v. Transportation

---

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system.  See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e).  Attach additional pages as needed.

---

I certify that I served a copy of the foregoing filing on  09/11/2024

by  ☑  U.S. Mail     ☐     Hand Delivery     ☐ Email     ☐ Facsimile
       ☐   Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Michael D. Dobbins | 21151 Adams Point Terrace<br>Broadlands, VA 20148 |
|  |  |
|  |  |
|  |  |
|  |  |

☐    Additional pages attached.

Date:  09/11/2024

Signature:    /s/Kyle S. Beckrich

Name:    Kyle S. Beckrich



# U.S. MERIT SYSTEMS PROTECTION BOARD

### Office of the Clerk of the Board
**1615 M Street, N.W.**
**Washington, D.C. 20419-0002**

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

2024-2290

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of Michael D. Dobbins v. Department of Transportation, MSPB Docket No. CH-0752-18-0471-I-1, and that the administrative record is under my official custody and control on this date

on file in this Board

| October 10, 2024 | /s/ |
|---|---|
| Date | Gina K. Grippando |
| | Clerk of the Board |

## CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Petitioner</u>

Electronic Mail          Michael D. Dobbins
(via <u>mspb@mspb.gov</u>)   <u>mdobbins84@gmail.com</u>

<u>Respondent</u>

Electronic Mail          Patricia M. McCarthy, Director
(via <u>mspb@mspb.gov</u>)   Commercial Litigation Branch
                          Civil Division Classification Unit
                          U.S. Department of Justice
                          c/o Thee Matthews
                          <u>thee.matthews@usdoj.gov</u>

| | |
|---|---|
| <u>October 10, 2024</u> | /s/ |
| (Date) | Markita Bryant |
| | Paralegal Specialist |

# INDEX

Michael Dobbins

V.

Department of Transportation

MSPB Docket No. CH-0752-18-0471-I-1

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|-----|-------------|-------------------------|------------------------------|
| 1 | IA | Appellant - Initial Appeal | 07/11/2018 |
| 2 | IA | MSPB - Acknowledgment Order | 07/12/2018 |
| 3 | IA | MSPB - Timeliness Order | 07/12/2018 |
| 4 | IA | Appellant - Submission of Final Agency Decision | 07/12/2018 |
| 5 | IA | Agency - Designation of Representative | 07/18/2018 |
| 6 | IA | Appellant - Response to Timeliness Order | 07/26/2018 |
| 7 | IA | MSPB - Hearing Order | 07/31/2018 |
| 8 | IA | Agency - Extension of Time Request | 07/31/2018 |
| 9 | IA | MSPB - Order Granting Extension of Time | 07/31/2018 |
| 10 | IA | Agency - Second extension request | 08/06/2018 |
| 11 | IA | MSPB - Order Ruling on Extension Request | 08/07/2018 |
| 12 | IA | MSPB - Order Rejecting Agency Response File | 08/09/2018 |
| 13 | IA | Agency - Telephone numbers for Appellant | 08/10/2018 |
| 14 | IA | MSPB - Order and Summary of Status | 08/10/2018 |
| 15 | IA | MSPB - Affirmative Defenses Order | 08/10/2018 |
| 16 | IA | MSPB - 2nd Order Rejecting Agency Response | 08/10/2018 |
| 17 | IA | Agency - Agency File Part 1 corrected. | 08/13/2018 |
| 18 | IA | Agency - Agency File Part 2 Corrected | 08/13/2018 |
| 19 | IA | Agency - Agency File Part 3 corrected | 08/13/2018 |
| 20 | IA | Agency - Agency File Part 4 corrected | 08/13/2018 |
| 21 | IA | Agency - Agency File Part 5 corrected | 08/13/2018 |
| 22 | IA | Agency - Agency File Part 6 corrected | 08/13/2018 |
| 23 | IA | Agency - Agency File Part 7 corrected | 08/13/2018 |
| 24 | IA | Agency - Agency File Part 8 corrected | 08/13/2018 |
| 25 | IA | MSPB - Notice Changing VTC Test Date | 08/21/2018 |
| 26 | IA | Appellant - Response to Affirmative Defense | 08/28/2018 |
| 27 | IA | Appellant - Motion for Extension to File Pre | 08/30/2018 |

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|---|---|---|---|
| 28 | IA | MSPB - Order Granting Unopposed Motion for | 09/04/2018 |
| 29 | IA | Agency - Motion to Strike Affirmative Defenses | 09/05/2018 |
| 30 | IA | Appellant - Response to Agency Motion to Strike | 09/05/2018 |
| 31 | IA | MSPB - Order | 09/06/2018 |
| 32 | IA | Appellant - Prehearing Submission | 09/07/2018 |
| 33 | IA | Appellant - Prehearing Submission Attachments | 09/07/2018 |
| 34 | IA | Agency - Motion to Compel | 09/07/2018 |
| 35 | IA | Appellant - Motion for Sanctions | 09/10/2018 |
| 36 | IA | Agency - Agency's PreHearing Report | 09/10/2018 |
| 37 | IA | MSPB - Order and Summary of Prehearing | 09/12/2018 |
| 38 | IA | Agency - Agency's Response to Appellant's | 09/13/2018 |
| 39 | IA | Agency - Joint Stipulations | 09/17/2018 |
| 40 | IA | Appellant - Submission on Harmful Procedural | 09/17/2018 |
| 41 | IA | Agency - Agency Response to Motion for | 09/21/2018 |
| 42 | IA | MSPB - Hearing Speakersheet | 09/25/2018 |
| 43 | IA | MSPB - Michael D. Dobbins Hearing CD 1 | 09/25/2018 |
| 43-1 | IA | MSPB - CH180471I1_2018-10-11_DOBBINS.9- | 09/25/2018 |
| 43-2 | IA | MSPB - CH180471I1_2018-10-11_DOBBINS.9- | 09/25/2018 |
| 43-3 | IA | MSPB - CH180471I1_2018-10-11_DOBBINS.9- | 09/25/2018 |
| 43-4 | IA | MSPB - CH180471I1_2018-10-11_DOBBINS.9- | 09/25/2018 |
| 43-5 | IA | MSPB - CH180471I1_2018-10-11_DOBBINS.9- | 09/25/2018 |
| 43-6 | IA | MSPB - CH180471I1_2018-10-11_DOBBINS.9- | 09/25/2018 |
| 44 | IA | Agency - Request for Extension of Time to File | 10/17/2018 |
| 45 | IA | Appellant - Closing Argument | 10/17/2018 |
| 46 | IA | MSPB - Order Ruling on Agency's Motion for | 10/18/2018 |
| 47 | IA | MSPB - Order | 10/24/2018 |
| 48 | IA | Agency - Closing Brief | 10/24/2018 |
| 49 | IA | Appellant - Rebuttal to Agency's Closing | 10/26/2018 |
| 50 | IA | MSPB - Initial Decision | 11/07/2018 |
| 51 | IA | MSPB - Certificate of Service | 11/07/2018 |
| 52 | IA | Appellant - Change of e-Filing Status | 11/20/2018 |

INDEX

Michael Dobbins

V.

Department of Transportation

MSPB Docket No. CH-0752-18-0471-I-1

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | DATE OF RECEIPT OR ISSUANCE |
|-----|-------------|-------------------------|------------------------------|
| 1 | PFR | Appellant - Petition for Review | 12/10/2018 |
| 2 | PFR | MSPB - Petition For Review Acknowledgment | 12/21/2018 |
| 3 | PFR | Agency - Request for Extension of Time | 01/31/2019 |
| 4 | PFR | MSPB - Extension of Time Order | 02/01/2019 |
| 5 | PFR | Agency - Response to Appellant's Petition for | 02/12/2019 |
| 6 | PFR | MSPB - Final Order | 07/05/2024 |
| 7 | PFR | MSPB - Returned Final Order - Appellant | 07/18/2024 |
| 8 | PFR | MSPB - Notice Regarding Returned Final Order - | 07/22/2024 |

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### CENTRAL REGIONAL OFFICE

MICHAEL D. DOBBINS,

               Appellant,

    v.

DEPARTMENT OF
    TRANSPORTATION,
               Agency.

DOCKET NUMBER
CH-0752-18-0471-I-1

DATE: November 7, 2018

H. Jerome Briscoe, Windsor Mills, Maryland, for the appellant.

Jose Ortiz, Washington, D.C., for the agency.

**BEFORE**
Dorothy L. Moran
Administrative Judge

## INITIAL DECISION

### INTRODUCTION

The appellant, Michael Dobbins, is an Air Traffic Controller (ATC), for the agency in Columbus, Ohio. *See* Appeal File, Tab 1. On July 7, 2018, the appellant filed a timely appeal over the agency's decision to demote him from Supervisory Air Traffic Controller, (AT-2152-EJ) at the Willow Run Air Traffic Control Tower in Belleville, Michigan, effective June 29, 2014. The agency decided to demote the appellant by letter dated June 25, 2014, for three reasons: Reason 1: Exhibiting a Sleep-like state while on duty (1 specification); Reason 2: Misuse of Government Time (1 specification); and Reason 3: Failure to Comply with Security Procedures (1 specification). *See* Appeal File (AF), Tabs 1 & 21.

The Board has jurisdiction over the appellant's timely appeal.[1]  *See* 5 U.S.C. §§ 7511-7513.  I held a hearing on September 25, 2018.

For the reasons stated below, the agency's demotion action is AFFIRMED.

## ANALYSIS AND FINDINGS

### Background

The appellant commenced his employment on September 25, 2008, as an Air Traffic Control Specialist.  On May 20, 2012, Dean Smith, Manager, promoted the appellant to the position, Supervisory Air Traffic Control Specialist at the Willow Run Tower (YIP), Belleville, Michigan.  The appellant competed for this supervisory position with other employees, including Kristopher Blocher, his former co-Air Traffic Controller (ATC).  The appellant was the only African American at YIP.  AF, Tabs 1 & 39.

On December 2, 2013, Manager Smith was informed by Kevin Cotrell, Supervisor, that he received allegations from ATCs regarding the appellant sleeping on position and taking extended breaks.   Manger Smith conveyed the allegations to his direct report, Joseph Figliuolo, who next requested FAA Security to conduct an investigation regarding the allegations.   The aforementioned investigation was conducted by Special Agent Jennifer Aszalos who submitted a Report of Investigation (ROI), dated March 14, 2014, to management.  *Id.* & Tabs 17-24.

Thereafter, on May 22, 2014, Manager Smith issued a notice of proposed demotion for: Reason 1: Exhibiting a Sleep-like state while on duty (1 specification) (denied by the appellant who admits on the date in question he was leaning back in his charge and saw that he was being photographed); Reason 2:

---

[1] The appellant filed an EEO complaint first over the agency's decision to demote him. On or about December 16, 2015, the agency's final agency decision (FAD) was appealed to the EEOC's Office of Federal Operations (OFO.)  On May 14, 2018, OFO issued its decision reversing and remanding the agency's FAD.  On June 8, 2018, the agency issued a new FAD providing the appellant with appeal rights to the Board in this "mixed" case appeal.  AF, Tabs 4, 5, & 17.

Misuse of Government Time (1 specification) (denied by appellant who admits on the day in question he used his lunch time to pick up items at a grocery store); and Reason 3: Failure to Comply with Security Procedures (1 specification) (the appellant admits that he failed to sign in his fiancé, did not receive permission in advance for her to be at the facility, but denied he let her roam unescorted, she was only unescorted when she was in the bathroom). *Id.* and Tab 37.

The agency does not dispute the appellant had a good work record and had a clean disciplinary record. AF, Tab 39. The appellant responded to the charges against him. AF, Tab 21, 4C. On June 25, 2014, Manager Smith issued the decision to demote the appellant to Air Traffic Controller (AT-2152-EH) effective June 29, 2014. *Id.*

Burden of Proof

The agency bears the burden of proving by preponderant evidence that the appellant engaged in the charged misconduct. Preponderant evidence is defined by regulation as that degree of relevant evidence which a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Demotion Reasons

Reason 1: Exhibiting a sleep- like state while on duty.

The agency charged the appellant as follows:

Specification: on October 6, 2013, at or about 1100 local time you were in the facility tower cab as the Supervisor in Charge of the tower air traffic control operations. You were photographed by a controller between approximately 1100 and 1130 local time while you were seated at the watch desk, leaning back in the chair with your eyes closed.

AF, Tab 1.

Former Manager Smith, (retired) as the proposing and deciding official, testified the appellant was responsible for overseeing and monitoring the tower

air traffic control operations performed by controllers under his supervision. Mr. Smith further testified the ROI confirmed the allegation of the appellant closing his eyes on October 6, 2013, with his feet up on the desk in a sleep-like state. He testified he reviewed the photographs which also showed from different angles the appellant had his eyes closed with his feet up on the desk in the Controller-in-Charge (CIC) desk in the tower cab. Mr. Smith explained, as stated in the proposal letter, that he relied upon the other controllers' statements in the ROI that they had also observed the appellant in the same position although not recalling the exact date. (ROI statements of Kristopher Blotcher, Jim Eberhart, and Kyle Franklin), Smith Hearing Tapes (HT), AF Tabs 17-21.

Mr. Blocher testified he took the pictures included in the agency file. AF, Tab 22, 4E at 12-14. He also acknowledged sending the unanimous letter to management regarding the appellant's conduct. *Id.* at 15-16. He explained he took three photos at different angels on the same date in 2013 and he observed the appellant sleeping on duty. He testified he was in the tower cab with the appellant and he was working all the positions but CIC position. He stated he went out on the "cat walk" for a cigarette. He testified he observed what is reflected in the pictures, that the appellant had his feet up, eyes closed. Mr. Blocher testified the tower cab is an office surrounded by windows, and that the cat walk outside circles the tower cab. He testified he also observed the appellant in this position when he was inside the tower. He explained after being outside for 5 minutes, he took out his phone and took the pictures. He acknowledged after he took the pictures and after he put his phone away, the appellant opened his eyes. HT Blocher.

The appellant, in his reply to the charges, admits that he was in the position depicted in the photographs. The appellant testified he was aware Kristopher Blocher was taking pictures. He denies he was sleeping or in a sleep-like state. I find the appellant in his reply to the charges and his testimony admitted the essence of the charge. HT Dobbins, AF, Tab 21, 4C. The appellant denies the

agency's conclusion or characterization that he was in a sleep-like state. I find the agency's characterization of the charge to be reasonable under the circumstances where a supervisor does not deny he was on duty as the supervisory air traffic controller, in the cab, at the desk with his feet up and eyes closed. Although the appellant may have been alert, Mr. Smith credibly testified that he used exhibiting a sleep-like state language because of the perception his position (eyes closed with feet up on the desk) had on his subordinates and his eyes were open viewing the operation.

I therefore find the agency showed by preponderant evidence for all the above reasons Reason 1, Exhibiting a sleep-like state while on duty.

Reason 2: Misuse of Government time.

The agency charged the appellant as follows:

Specification: In your signed sworn statement dated February 21, 2014, taken by FAA Security Agent Jennifer Aszalos, you admitted to taking an "extended break" on duty time away from the facility on November 28, 2013, to shop for groceries at an area grocery store. You estimated your "extended break" away from the facility in duty status was approximately 1 hour and forty-five minutes. You did not request leave for this purpose nor was it approved. Your time and attendance did not reflect this absence.

AF, Tab 1.

Former Manager Smith testified in April 2013 during mid-term evaluation discussions, he met with all supervisors including the appellant, and the facility secretary to remind them he expected breaks away from the facility not to exceed 30 minutes. He explained he advised the appellant and the other supervisors to monitor the breaks of their subordinates not to exceed 30 minutes away from the facility. He further testified he explained to the supervisors including the appellant if they needed more than 30 minutes they were to contact him. HT Smith, AF, Tabs 1 & 21,4D.

The ROI indicates ATC Blocher, Gray, Franklin, and Tripp, gave statements that they observed the appellant on extended breaks within the facility. They were unaware if the appellant had taken leave or not. ATC Lough, Eberhart, Gagne, and Pruchnik gave statements that they had not observed the appellant take extended breaks away from the facility. On February 21, 2014, the appellant stated on Thanksgiving (November 28, 2013) he took an extended break away from the facility of one hour and 45 minutes. He further stated he did not take leave because he did not believe it was "a big deal" and it was not unusual for YIP personnel to take a break of that duration. The appellant acknowledged there were times he miscalculated his ending times from work between 5-15 minutes leaving earlier than recorded. He also acknowledged assigning credit time he had not actually earned, approximately 15 minutes. AF, Tab 23, 4E, 32-58. The appellant could not recall any of the dates for these time discrepancies and the agency did not charge him for any of these occasions. He was charged for the date he admitted to the extended break in his sworn statement.

The appellant, in his reply to the charges, acknowledges he unintentionally took an extended break on the date in question by 45 minutes. He stated that he assigned a CIC in his absence for the facility. The appellant testified he used his break to pick up an item at the grocery store. At the hearing the appellant acknowledged his sworn statement to the investigator; he did not disavow his statement. Nor did the appellant refute that he had been instructed by his manager of the expectations for a supervisor. HT Dobbins, AF Tab 21 4C.

To the extent credibility determinations are necessary; I credit the appellant's February 21, 2014, sworn statement, as the most accurate version of what occurred since this statement occurred closer in time to the incident, as opposed to the hearing testimony in 2018. Also the appellant's reply to the proposed demotion is consistent with his statement to the investigator. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

Thus, for all the above reasons, I find the agency showed by preponderant evidence Reason 2, Misuse of Government time.

Reason 3: Failure to comply with security procedures.

The agency charged the appellant as follows:

Specification: In your signed sworn statement dated November 29, 2013 taken by FAA Security Special Agent Jennifer Aszalos, you admitted you brought a visitor into the Willow Run facility who was not employed by the agency. During a portion of the time this visitor was present, you permitted her to be unescorted contrary to the facility security procedures. You did not obtain permission in advance from me to bring a visitor into the facility. Finally, you did not record this visitor's presence in the facility's DOT/FAA Visitors Register.

AF, Tab 1.

Former Manager Smith stated he was the only one with the authority to approve the admission of visitors to the facility. He stated the appellant did not request approval or notify him of the visitor. He also stressed having a unapproved visitor, allowing them to be unescorted, and not signing the visitor into the DOT/FAA Visitors Register, constituted a serious disregard for security rules. Smith HT & AF, Tab 21, 4D.

The appellant acknowledged he failed to sign his fiancé into the facility and that he failed to ask for approval or notify his manager that he brought his fiancé into the facility. He testified the only time she was unescorted was when she went to the ladies room. The appellant explained his fiancé had car trouble, she was pregnant, and he had to go to her assistance, bringing her to the facility. The appellant did not explain his reasons for failing to abide by the security rules of failing to notify his manager and signing her into the DOT/FAA Visitors Register. HT Dobbins, AF, Tab 21 4C, Tab 23, 4E, at 50, 57.

Because the appellant admitted he did not follow the agency's established visitor security procedures, as charged, I find the agency showed by preponderant evidence Reason 3, Failure to comply with security procedures.

## Efficiency Of The Service

The agency's action must be taken only for such cause as promotes the efficiency of the service. 5 U.S.C.A. § 7513(a). The agency must therefore show that the appellant's misconduct was connected in some way with the agency's ability to accomplish its mission. *See Brown v. Department of the Navy*, 229 F.3d 1356, 1358 (Fed. Cir. 2000). The agency's mission is to provide safe and efficient operation of the airways, take-off, air flight, and landings of aircraft. The safety of the flying public is its primary mission. The appellant was a supervisor in an air traffic control tower. As a supervisor he was expected to set an example for subordinate employees in being alert, his ability to function under pressure and his adherence to agency rules and safety procedures.

Agencies must have confidence that its supervisors will act appropriately at all times. *See Martin v. Department of Transportation*, 103 M.S.P.R. 153, 158 (2006), *aff'd*, 224 F. App'x. 974 (Fed. Cir. 2007). Agencies are entitled to hold supervisors, such as the appellant, to a higher standard of conduct than non-supervisors because they occupy positions of trust and responsibility. *Id.* at 157. The Board has noted an agency established nexus by showing an employee's conduct "(1) affected the employee's or coworker's job performance, (2) affected management's trust and confidence in the employee's job performance, or (3) interfered or adversely affected the Agency's mission." *Adams v. Department of Labor*, 112 M.S.P.R. 288, 292 (2009).

Thus, disciplining the appellant for the sustained reasons of exhibiting a sleep-like state while on duty, misuse of government time, and failure to comply with security procedures, I find was taken for such cause as promotes the

efficiency of the service.  *See Winlock v. Department of Homeland Security,* 110 M.S.P.R. 521, 531 (2009).

Affirmative Defenses

Harmful error

To prove harmful procedural error, the appellant must prove that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *See* 5 C.F.R. § 1201.4(s).  The burden is upon the appellant to show that the agency committed an error and that the error was harmful, *i.e.*, that it caused substantial prejudice to his rights.

The appellant alleged the agency committed harmful error when it allowed and then disciplined the appellant for being in a sleep-like state by referencing the photograph taken by an ATC, Kristopher Blocher.  The appellant showed, contrary to the deciding official's recollection, that it is against agency policy to take unauthorized photographs on agency premises.  Mr. Smith, the deciding official, testified he would have demoted the appellant, absent the photograph based on the air traffic controllers' (ATC) statements in the ROI.  Smith HT.  Although this was an error, I find the appellant failed to show it was a harmful procedural error because the deciding official credibly testified he would have disciplined the appellant without the photograph and the appellant was demoted based on more than one charge.  Importantly, the appellant admitted he had his eyes closed with his feet up on the desk while the CIC in the tower.

The appellant also alleged the agency's investigation was not timely and that he did not receive a copy of the ROI promptly.  He states agency rules require a prompt investigation with the report of investigation provided to the appellant within 10 days.  The appellant acknowledged he received a copy of the ROI relied upon in the proposed demotion with the notice of proposal as stated in the proposal letter.  He claims if he had been given the report he could have

pointed out flaws prior to Mr. Smith proposing his demotion. The agency did not respond to this affirmative defense AF, Tab 40.

The record reflects the time of the investigation was reasonable considering the breadth of the investigation and the resultant three charges. I cannot find that a four month investigation is a harmful error where the appellant has failed to show harm. Although the appellant showed error, since the claim was not refuted by the agency, when it did not provide him a copy of the investigation within 10 days, it is speculative that providing the ROI within the 10 days would have changed Mr. Smith's proposal or decision to demote. The appellant had the opportunity to present any flaws to Mr. Smith prior to his decision to demote. The appellant responded to the proposal and Mr. Smith decided to demote the appellant. Thus, I find the appellant failed to show a harmful error that caused substantial prejudice to his rights. I find the appellant failed in his burden to show the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *See* 5 C.F.R. § 1201.4(s).

Race and retaliation discrimination

The appellant raised race and retaliation discrimination against the agency. Federal employees are protected against discrimination based on race and retaliation for the exercise of Title VII rights, by 42 U.S.C. § 2000e-16. *Savage v. Department of the Army*, 122 M.S.P.R. 612 ¶¶ 36, 37 (2015). The Board has held that a violation is established where the appellant shows that discrimination or retaliation "was a motivating factor in the contested personnel action, even if it was not the only reason." *Id.*, ¶ 41. Thus, the dispositive inquiry is whether the appellant has shown by the preponderance of the evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage*, 122 M.S.P.R. 612, ¶ 51.

The appellant did not testify regarding direct evidence of race discrimination or retaliation discrimination. The appellant did not engage in prior EEO activity but stated he was harassed because he was required to provide three written statements during the agency's investigation into Kristopher Blocker, ATC, allegations against him. The appellant alleges his protected activity was "speaking his mind".

The appellant states because he was selected for the supervisory position over Mr. Blocher, Caucasian, his allegations against the appellant were racially motivated and constitute sour grapes. Mr. Blocher, a subordinate employee, testified he was disappointed he was not promoted by Mr. Smith but his allegations against the appellant were not motivated by racial animus. HT Blocker & ROI, Agency File, Tab 22 4E.

The appellant points out he was the only African American at the facility. The appellant alleges other Caucasians took extended breaks and were not disciplined. The appellant alleges he was treated differently than a former supervisor, Bill Askew, Caucasian, retired, because he closed his eyes and put his feet up on the desk while on duty in the tower and was not demoted. The appellant states the agency's reasons for disciplining him were not worthy of belief and pretext for discrimination and retaliation. HT Dobbins and AF, Tabs, 17 F1 & 26 and Appellants Closing Arguments.

Mr. Smith testified he promoted the appellant over Mr. Blocher because he determined the appellant was better qualified. He also testified credibly about the reasons he proposed and decided to demote the appellant. Mr. Smith testified he was very surprised regarding the allegations against the appellant by Mr. Blocher. He explained he learned things from the appellant, trusted him, and his integrity, further explaining it was "a jolt" to receive those allegations. The record shows the allegations were forwarded to FAA security for investigation. There is no evidence that ties any discriminatory animus by Mr. Blocher to decisions made by

Mr. Smith. The evidence shows Mr. Smith made his decisions based upon the whole record. HT Smith and AF Tabs 17-24.

The appellant acknowledged discipline was warranted, but not demotion. Mr. Smith credibly testified he demoted the appellant based on three charges of agency policy involving safety and security violations. The appellant did not allege that any of his comparables committed three violations of agency policy and were not disciplined. Mr. Smith also testified he was unaware and had no knowledge that Mr. Askew closed his eyes and put his feet up on the desk while on duty in the tower. Mr. Smith's testimony was not contradicted.

There is no record evidence to show Mr. Smith had a reason to retaliate against the appellant. No pattern or bits and pieces of retaliation were shown or can be inferred. The appellant filed an EEO complaint after his demotion. I find the appellant failed to show retaliation was a motivating factor in his demotion. *Savage,* 122 M.S.P.R. at 638.

The appellant also failed to show race was a motivating factor in the agency's decision to demote him. Likewise, he failed to show any pretext based on his race in the agency's decision to demote him. Mr. Smith explained legitimate reasons as described fully above for his demotion. I also find the appellant's comparables are not similarly situated to him because he was demoted for three violations of agency security and safety policies. In addition, Mr. Smith's testimony he had no knowledge that Mr. Askew closed his eyes and put his feet up on the desk while on duty in the tower was not refuted. *See Savage*, 122 M.S.P.R. at ¶ 42. The appellant did not show the reasons for his demotion are "unworthy of belief, a mere pretext for discrimination." *Id*.

Based on a thorough review of the evidence, I find the appellant did not prove by preponderant evidence that race discrimination was a motivating factor in the agency's decision to demote him. I also find the appellant failed to meet his burden of proof to show retaliation discrimination. The appellant failed to show discriminatory animus by the agency. *Naval station Norfolk Hearing 2,* 123

M.S.P.R. 612, ¶ 51. Accordingly, I find that the agency did not commit a prohibited personnel practice in violation of 5 U.S.C. § 2302(b)(1). Under *Savage*, the inquiry ends here and the appellant's affirmative defense of discrimination must fail.

Penalty

The agency established that the penalty of removal was within the tolerable limits of reasonableness.

Where the charges have all been sustained and nexus has been established, the Board will review the penalty imposed only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *See,* e.g., *Singletary v. Department of the Air Force*, 94 M.S.P.R. 553, ¶ 9 (2003), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004); To that end, the Board will only disturb the agency's chosen penalty if it finds the agency failed to weigh relevant factors or its judgment clearly exceeded the limited of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010); *Whelan v. U.S. Postal Service*, 103 M.S.P.R. 464, ¶ 10 (2006) (citations omitted), *aff'd*, 231 F. App'x 965 (Fed. Cir. 2007).

The Board may mitigate to the maximum reasonable penalty for the sustained misconduct when the deciding official failed to demonstrate that he considered any specific, relevant mitigating factors before deciding upon the penalty, or when the chosen penalty exceeds the bounds of reasonableness. *See*, *Woebcke v. Department of Homeland Security,* 114 M.S.P.R. 100, ¶ 7 (2010). The Board may impose the same penalty as imposed by the agency after balancing the mitigating factors. *Balouris v. U.S. Postal Service*, 107 M.S.P.R. 574, ¶ 6 (2008). That is because the Board's function with regard to its review of discipline of an agency's penalty is not to displace management's responsibility, but to determine whether management exercised its judgment within the tolerable limits of reasonableness. *Id.*

In *Douglas v. Veterans Administration,* 5 M.S.P.R. 280, 306 (1981), the Board set forth the means by which an administrative judge may determine whether the penalty imposed is within the tolerable bounds of reasonableness. The administrative judge must take into consideration, where applicable: (1) the type of offense the appellant committed, (2) the appellant's type of employment, (3) his past disciplinary record, (4) his past work record, including length of service, job performance, ability to get along with co-workers, and dependability, (5) the effect of his conduct upon the service, (6) penalties imposed for similar offenses, (7) standard agency penalties, (8) any notoriety, (9) whether the appellant was on notice to avoid the particular misconduct at issue, (10) his potential for rehabilitation, (11) any mitigating circumstances, and (12) the availability of alternative sanctions. *Douglas*, 5 M.S.P.R. at 305-06.

The appellant disputes the agency's decision to demote him. The appellant argues the deciding official did not appropriately and completely apply the *Douglas* factors in accessing the penalty. The appellant states a suspension should have been selected. The appellant argues he had a clean record and progressive discipline was not applied. He argues the table of penalties does not support demotion.[2] He also points out his supervisor who retired would close his eyes and place his feet on the desk and he was not demoted. HT Dobbins & AF, Tabs 21 4C & 32.

A review of the record, the decision letter, and the testimony of the deciding official, Dean Smith, shows he considered the relevant *Douglas* factors. HT Smith, AF, Tabs 1, 17-24. Mr. Smith testified the charges were serious and the charge of being in a sleep-like state while on duty was the most serious. In assessing whether the agency's selected penalty is within the tolerable limits of reasonableness, the most important factor is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and

---

[2] This argument was withdrawn as an affirmative defense and submitted as an argument for the agency's burden, not the appellant's in the *Douglas* factor analysis. AF, Tab 37.

responsibilities. *Martin v. Department of Transportation*, 103 M.S.P.R. 153, 157 (2006), *aff'd*, 224 Fed. Appx. 974 (Fed. Cir. 2007).

Mr. Smith acknowledged the appellant took responsibility and was accountable in the charged conduct. Mr. Smith he also considered the appellant's acknowledgement of how his conduct of closing his eyes with his feet up on the desk would appear to others. Mr. Smith stated he considered the appellant's personal and medical issues, (2013 car accident resulting in back & eye injury with previous pain medication); the appellant's sincere apology for the conduct; his prior work record, of no discipline and satisfactory performance ratings; and his years of service both as an employee and a supervisor. Mr. Smith testified because of these considerations, he did not believe removal was warranted. He also pointed out, the appellant was not charged with sleeping on duty. He stated in considering the above factors he decided demotion was appropriate because of the seriousness of the combined three charges even though the appellant had no prior discipline. It was not one charge of misconduct but three that were directly related to his position as a supervisor to set an example for his subordinate employees, Mr. Smith explained. *Id.*

Mr. Smith stated in both the proposal and decision letter that in selecting the penalty of demotion, he considered the perception of the appellant's sleep-like state had on his employee because the conduct, from the employees' perspective was not an isolated occurrence. He stated the appellant's conduct showed a lax, inattention to duty, and disregard for agency safety procedures. He testified it was of vital importance that "two sets of eyes" are fixed on tower operations. He testified he lost confidence and trust in the appellant's ability as a supervisor. Thus, Mr. Smith testified that a suspension or any penalty short of demotion would be a "slap on the wrist" too lenient to correct the appellant's behavior as a supervisor. He explained he considered the appellant's potential for rehabilitation and that the appellant needed more time as an ATC to regain his confidence and trust to be a supervisor. The record further indicates Mr. Smith

explained that the table of penalties for each charge was between a suspension and removal. *Id.*

With respect to the appellant's claim that a retired supervisor also closed his eyes, put his feet up on the desk and was not demoted, I note this allegation was not contained in the appellant's reply to the proposal. Mr. Smith testified prior to the appellant's testimony and Mr. Smith was questioned regarding this allegation on cross-examination. Mr. Smith testified he contacted HR (Mark Phillips) to confirm that demotion was the consistent penalty applied for the appellant's misconduct. Mr. Smith also testified that he had no knowledge of these allegations against the retired supervisor. Because Mr. Smith credibly testified no one brought the allegations against the retired supervisor to his attention, while he was still working for the agency, I cannot find the *Douglas* factors were violated warranting a different penalty based on this allegation.

In considering the deciding official's application of the *Douglas* factors, although mitigating factors exist, they do not outweigh the seriousness of the multiple charges of misconduct by a supervisor. The flying public relies on agency employees to adhere to agency policy, especially supervisors. Thus, having found the deciding official considered the relevant Douglas factors, I find the agency's proposed discipline of demotion is within the bounds of reasonableness and the agency's demotion decision does not exceed the bounds of reasonableness. *See Saiz v. Department of the Navy*, 122 M. S.P.R. 521, 524 (2015); *Ellis v. Department of Defense,* 114 M.S.P.R. 407 ¶ 11 (2010); *see also Christopher v. Department of the Army,* 107 M.S.P.R. 580, 590, *aff'd*, 299 Fed. Appx. 964 (Fed. Cir. 2008) (where all the charges are sustained, the Board will only modify the agency-imposed penalty if the agency failed to weigh relevant factors or the penalty clearly exceeded the bounds of reasonableness). "The penalty for employee misconduct is generally left to the sound discretion of the agency." *Merchant v. United States Postal Service*, 52 M.S.P.R. 330, 333, *aff'd*, 980 F.2d 745 (Fed. Cir. 1992).

**DECISION**

The agency's action is AFFIRMED.

FOR THE BOARD:                    _____
                                  Dorothy L. Moran
                                  Administrative Judge

**NOTICE TO APPELLANT**

This initial decision will become final on **December 12, 2018**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

**BOARD REVIEW**

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must

state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https:// e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently only one member is in place. Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least one additional member is appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

### Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be

received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date this decision becomes final.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for

review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

# DECISION CASE CITES LISTING

Michael D. Dobbins v. Department of Transportation

Docket No. CH-0752-18-0471-I-1

Adams v. Department of Labor, 112 M.S.P.R. 288, 292 (2009)..............................8
**Adams v. Department of Labor, 112 M.S.P.R. 288, 2009 MSPB 185**
**(September 10, 2009) (CB-1721-09-0017-V-1)**

Balouris v. U.S. Postal Service, 107 M.S.P.R. 574, ¶ 6 (2008)..............................13
**Balouris v. U.S. Postal Service, 107 M.S.P.R. 574, 2008 MSPB 1 (Jan. 04,**
**2008) (PH-0752-06-0495-I-1), aff'd, No. 2008-3147 (Fed. Cir. Feb. 19, 2009)**
**(NP)**

Brown v. Department of the Navy, 229 F.3d 1356, 1358 (Fed. Cir. 2000)..............8
**Brown v. Department of the Navy, 229 F.3d 1356 (Fed. Cir. Oct. 20, 2000)**
**(No. 00-3003), cert. denied, 533 U.S. 949 (June 29, 2001) (No. 00-1496)**

Christopher v. Department of the Army, 107 M.S.P.R. 580, 590, aff'd, 299 Fed.
  Appx. 964 (Fed. Cir. 2008).............................................................16
**Christopher v. Department of the Army, 107 M.S.P.R. 580, 2008 MSPB 2**
**(Jan. 08, 2008) (AT-0752-07-0092-I-1)**

Douglas v. Veterans Administration, 5 M.S.P.R. 280, 306 (1981).........................13
**Douglas v. Veterans Administration, 5 M.S.P.R. 280 (Apr. 10, 1981)**
**(No. AT075299006, AT075209029, SF075299024, NY075209013,**
**NY075209018, DE075299003, SF075299023) 5 M.S.P.B. 313**

Ellis v. Department of Defense, 114 M.S.P.R. 407 ¶ 11 (2010)............................16
**NOTHING FOUND IN IC-LIST.DOC**

Ellis v. Department of Defense, 114 M.S.P.R. 407, ¶ 11 (2010)...........................13
**Ellis v. Department of Defense, 114 M.S.P.R. 407, 2010 MSPB 141 (July 16,**
**2010) (DE-0752-09-0439-I-1)**

Hillen v. Department of the Army, 35 M.S.P.R. 453, 458 (1987)...........................7
**Hillen v. Department of the Army, 35 M.S.P.R. 453 (Nov. 23, 1987)**
**(No. DC07528510324-1)**

Martin v. Department of Transportation, 103 M.S.P.R. 153, 157 (2006), aff'd, 224
  Fed. Appx. 974 (Fed. Cir. 2007).......................................................14

**Martin v. Department of Transportation, 103 M.S.P.R. 153, 2006 MSPB 245 (Aug. 14, 2006) (No. NY-0752-05-0252-I-1), aff'd, 224 F. App'x. 974 (Fed. Cir. May 14, 2007) (No. 2006-3397)**

Martin v. Department of Transportation, 103 M.S.P.R. 153, 158 (2006), aff'd, 224 F. App'x. 974 (Fed. Cir. 2007)...................................................................................8

**Martin v. Department of Transportation, 103 M.S.P.R. 153, 2006 MSPB 245 (Aug. 14, 2006) (No. NY-0752-05-0252-I-1), aff'd, 224 F. App'x. 974 (Fed. Cir. May 14, 2007) (No. 2006-3397)**

Merchant v. United States Postal Service, 52 M.S.P.R. 330, 333, aff'd, 980 F.2d 745 (Fed. Cir. 1992)................................................................................................16

**NOTHING FOUND IN IC-LIST.DOC**

Perry v. Merit Systems Protection Board, 582 U.S. ____ , 137 S. Ct. 1975 (2017) ..............................................................................................................................22

**NOTHING FOUND IN IC-LIST.DOC**

Saiz v. Department of the Navy, 122 M. S.P.R. 521, 524 (2015)...........................16

**NOTHING FOUND IN IC-LIST.DOC**

Savage v. Department of the Army, 122 M.S.P.R. 612 ¶¶ 36, 37 (2015)...............10

**NOTHING FOUND IN IC-LIST.DOC**

Singletary v. Department of the Air Force, 94 M.S.P.R. 553, ¶ 9 (2003), aff'd, 104 F. App'x 155 (Fed. Cir. 2004).....................................................................13

**Singletary v. Department of the Air Force, 94 M.S.P.R. 553 (Sept. 30, 2003) (No. AT-0752-02-0452-I-1), aff'd, 104 F. App'x 155 (Fed. Cir. July 9, 2004) (No. 04-3042)**

Whelan v. U.S. Postal Service, 103 M.S.P.R. 464, ¶ 10 (2006).......................13, 13

**NOTHING FOUND IN IC-LIST.DOC**

Winlock v. Department of Homeland Security, 110 M.S.P.R. 521, 531 (2009)......9

**Winlock v. Department of Homeland Security, 110 M.S.P.R. 521 (2009), aff'd per curiam, 370 F. App'x 119 (Fed. Cir. 2010)**

Woebcke v. Department of Homeland Security, 114 M.S.P.R. 100, ¶ 7 (2010)…13

**Woebcke v. Department of Homeland Security, 114 M.S.P.R. 100, 2010 MSPB 85 (May 06, 2010) (NY-0752-09-0128-I-1)**

**THIS CITE CHECK CONDUCTED BY _____ ON November 07, 2018.**

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this
day to each of the following:

### Appellant

U.S. Mail          Michael D. Dobbins
                   7202 Longlining Road
                   New Albany, OH 43054

### Appellant Representative

U.S. Mail          H. Jerome Briscoe
                   8246 Church Lane, Suite F.
                   Windsor Mills, MD 21244

### Agency Representative

Electronic Mail    Jose Ortiz
                   Department of Transportation
                   Federal Aviation Administration
                   600 Independence Ave, Suite 1E100
                   Washington, DC 20591

_____          _____
      November 7, 2018                              /s/
           (Date)                                Allison McKinley
                                                 Paralegal Specialist

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL D. DOBBINS,

                Appellant,

      v.

DEPARTMENT OF
    TRANSPORTATION,

                Agency.

DOCKET NUMBER
CH-0752-18-0471-I-1

DATE:  July 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>H. Jerome Briscoe</u>, Windsor Mills, Maryland, for the appellant.

<u>Jose Ortiz</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his demotion.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

2

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's retaliation claim and allegation that the penalty was not consistent with penalties levied against other employees for similar offenses, we AFFIRM the initial decision.

## BACKGROUND

Effective June 29, 2014, the agency demoted the appellant from the position of Supervisory Air Traffic Control Specialist, AT-2152-EJ, to the position of Air Traffic Control Specialist, AT-2152-EH, based on the following reasons: (1) exhibiting a sleep-like state while on duty; (2) misuse of Government time; and (3) failure to comply with security procedures. Initial Appeal File (IAF), Tab 21 at 54-57, 63-64.[1] Both positions are with the Federal Aviation Administration at the Willow Run Air Traffic Control Tower in Belleville, Michigan. *Id*. at 54-55.

The appellant timely filed a Board appeal of his demotion, and he requested a hearing. IAF, Tab 1 at 1-9, Tab 50, Initial Decision (ID) at 2 & n.1. He raised the affirmative defenses of race discrimination, retaliation for activity protected under Title VII of the Civil Rights Act of 1964, and harmful procedural error. IAF, Tab 1 at 9, Tab 26, Tab 32 at 1-2, Tab 37 at 2.

---

[1] The appellant's supervisor was the proposing and deciding official. IAF, Tab 21 at 55-56, 63

After holding a hearing by video conference, the administrative judge issued an initial decision affirming the appellant's demotion. ID at 2, 17; IAF, Tab 7 at 1-2. Specifically, she found that the agency proved all of its stated reasons for the demotion, that the agency's action was taken for such cause as promotes the efficiency of the service, and that the penalty of demotion is within the bounds of reasonableness. ID at 3-9, 13-17. She further found that the appellant did not prove his affirmative defenses. ID at 9-13.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant does not challenge, and we discern no reason to disturb, the administrative judge's findings that the agency proved that the charged misconduct occurred and there was a nexus between the sustained misconduct and the efficiency of the service. PFR File, Tab 1; ID at 3-9. Instead, his arguments on review mainly concern the affirmative defenses and the reasonableness of the penalty. PFR File, Tab 1. For the following reasons, we find that he has failed to provide a basis to disturb the initial decision.[2]

The appellant's due process and harmful procedural error arguments are unavailing.

For the first time on review, the appellant argues that the agency violated his constitutional due process rights by providing false "notice" in the notice of proposed demotion that the deciding official would consider the agency's Table of Penalties. *Id*. at 2; IAF, Tab 21 at 64. The appellant asserts that the deciding official testified that he did not consider the Table of Penalties. PFR File, Tab 1

---

[2] The appellant's mere disagreement with the administrative judge's findings regarding his harmful procedural error claims does not provide a basis to disturb the initial decision. PFR File, Tab 1 at 9; ID at 9-10; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

at 2. Further, the appellant reasserts his claim from his written closing argument that the deciding official's testimony that the Table of Penalties did not apply to the appellant as a non-bargaining-unit, supervisory employee shows that the agency committed harmful procedural error. *Id.* at 2-3; IAF, Tab 45 at 7.

The appellant has not explained why he was unable to raise his new due process argument before the administrative judge despite his due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (observing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Nevertheless, as the U.S. Court of Appeals for the Federal Circuit held in *Farrell v. Department of the Interior*, 314 F.3d 584, 593 (Fed. Cir. 2002), "there is no constitutional requirement that an agency provide advance notice of the possible range of penalties. Due process does not require that an agency post the specific penalties to which an employee could be subject for any particular violation." Moreover, the appellant has mischaracterized the deciding official's testimony. Although the deciding official testified that he believed the Table of Penalties did not apply to the appellant, he also testified that he still considered it in making his decision. ID at 16; Hearing Transcript (HT) at 38-39, 101, 107 (testimony of the deciding official). Thus, even assuming that the deciding official held a mistaken belief about the Table of Penalties, the appellant has failed to explain how the deciding official's alleged error was harmful. *See Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 19 (2016) (explaining that, to establish harmful error, an appellant must prove that a procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error); *see also* 5 C.F.R. § 1201.4(r) (providing that the appellant has the burden to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his rights).

<u>We affirm the administrative judge's findings that the appellant failed to prove the affirmative defenses of race discrimination and retaliation for protected activity under Title VII, as modified to supplement her analysis of his retaliation claim.</u>

The appellant challenges on review the administrative judge's findings that he failed to prove the affirmative defenses of race discrimination and retaliation for protected activity under Title VII. PFR File, Tab 1 at 3-4, 7-9; ID at 10-13. To establish a claim of race discrimination or retaliation, an appellant must show that the prohibited consideration was at least a motivating factor in the personnel action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22. Considering the record evidence as a whole, we agree with the administrative judge's finding that the appellant did not meet his burden of proving that race discrimination was a motivating factor in his demotion.[3] ID at 12; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding that the Board will not disturb an administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Regarding his retaliation claim, the appellant contends that the administrative judge erroneously failed to find that he engaged in protected activity under Title VII when he purportedly told the deciding official in February 2014 that the agency's investigation into allegations against him was the product of racial animus. PFR File, Tab 1 at 3-4. The administrative judge acknowledged the appellant's argument that his protected activity was "speaking his mind" about alleged harassment due to the investigation into the subordinate employee's allegations against him. ID at 11; IAF, Tab 26 at 2. However, she apparently found that the appellant did not engage in prior equal employment opportunity

---

[3] Because we find no error with the administrative judge's motivating factor analysis or conclusion regarding the appellant's discrimination claim, we do not reach the question of whether the appellant's race was a "but-for" cause of the demotion. *Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 5 n.2.

(EEO) activity because he filed an EEO complaint after his demotion. ID at 11-12. We modify the initial decision to supplement the administrative judge's analysis of the appellant's retaliation claim, as follows.

Even assuming that the appellant's alleged February 2014 conversation constitutes protected activity under the opposition clause of 42 U.S.C. § 2000e-3(a), we find that he has failed to prove by preponderant evidence that such activity was a motivating factor in his demotion. The appellant testified regarding the alleged February 2014 conversation with the deciding official and his belief that the agency retaliated against him for objecting to "harassment" by the subordinate employee. HT at 160-61, 177, 179-80 (testimony of the appellant). Although the deciding official did not testify about the alleged February 2014 conversation, he testified that he did not consider the subordinate employee's potential bias as a mitigating factor. HT at 105 (testimony of the deciding official).

The administrative judge acknowledged the appellant's argument that the agency's reasons for demoting him were not worthy of belief and were pretext retaliation. ID at 11. The administrative judge considered the testimony of the subordinate employee, the appellant, and the deciding official, and she concluded that the deciding official credibly testified about the reasons he proposed and decided to demote the appellant. ID at 11-12. She further found no evidence linking the subordinate employee's allegedly discriminatory animus to the deciding official's decision to demote the appellant. *Id*.; *cf. Brown v. Department of Justice*, EEOC Appeal No. 0120045121, *16 (December 20, 2006) (holding that the responsible management official did not need to have racial animus against the complainant to support a finding of discrimination when the official heavily relied upon the accounts of employees who harbored racial animus against the complainant in deciding to terminate). We find that he has failed to provide a sufficiently sound reason to disturb the administrative judge's finding that the deciding official credibly testified about the reasons he proposed and

decided to demote the appellant. ID at 11-12; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). After reviewing the documentary and testimonial evidence as a whole, we find very little evidence to support the appellant's speculation that the February 2014 conversation influenced the demotion decision in any way. In particular, we find that the appellant's speculative and conclusory testimony on this issue and the close proximity in time between the alleged February 2014 conversation and his demotion, without more, are insufficient to prove by preponderant evidence that this conversation was a motivating factor in the demotion.

<u>We affirm the administrative judge's finding that the penalty of demotion is within the bounds of reasonableness, as modified to supplement her analysis of the appellant's claim that the agency treated him more harshly than similarly situated individuals.</u>

For the reasons described in the initial decision, we agree with the administrative judge's findings that the deciding official considered the relevant *Douglas* factors and that the penalty of demotion is within the bounds of reasonableness. ID at 13-17; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant for consideration in assessing the reasonableness of an agency-imposed penalty). Specifically, the deciding official considered the appellant's sincere apology, length of service, lack of prior discipline, satisfactory performance, and personal and medical issues, but he justifiably decided to demote him because of the seriousness of the three offenses that were directly related to his supervisory position. ID at 15; HT at 38-41, 99-100, 105 (testimony of the deciding official); IAF, Tab 21 at 56; *see Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006) (observing that the most important factor in assessing the reasonableness of a penalty is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities and that agencies are entitled to hold supervisors to a higher standard of conduct because

they occupy positions of trust and responsibility), *aff'd*, 224 F. App'x 974 (Fed. Cir. 2007).

The appellant reasserts on review his arguments from his closing argument that the agency failed to consider the following relevant factors: the lack of discipline imposed on a supervisor who was known to have slept on the job; the consistency of the penalty with the Table of Penalties; the lack of prior warning about his conduct; and certain mitigating circumstances (the illegality of the photographs, his serious back injury, his wife's car emergency, and the subordinate employee's jealousy and biased motives). PFR File, Tab 1 at 4-5; IAF, Tab 45 at 9-10. The appellant further argues that the deciding official failed to follow the guidance provided in the Table of Penalties. PFR File, Tab 1 at 7. For the reasons explained below, we discern no basis to disturb the administrative judge's finding that the deciding official considered the relevant *Douglas* factors. ID at 14.

The deciding official testified that he considered the appellant's back injury as a mitigating factor but not the subordinate employee's possible bias or the illegality of the photographs. HT at 105-06 (testimony of the deciding official). The deciding official stated in his decision that he considered as mitigating factors the appellant's personal and medical issues that he mentioned in his written reply to the proposed demotion. IAF, Tab 21 at 56. In his written reply, the appellant discussed having medical issues and that his fiancé was pregnant and had car problems. *Id*. at 60-62. Because the appellant has failed to explain how the purported illegality of the photographs and the allegedly improper motives of the subordinate employee contributed to his misconduct, we find that the deciding official did not need to consider them as mitigating factors. *Cf. Gill v. Department of Defense*, 92 M.S.P.R. 23, ¶¶ 2, 27 (2002) (finding that the appellant's anxiety and depression and provocation by her supervisor were mitigating factors because they contributed to her disrespectful conduct).

Moreover, the record reflects that the deciding official informed the appellant in April 2013 that employee breaks away from the facility should not exceed 30 minutes typically. ID at 5-6; HT at 44-46 (testimony of deciding official); IAF, Tab 21 at 64. The record further reflects that the deciding official considered the Table of Penalties and that the penalty of demotion is within the recommended range of penalties. HT at 38-39, 101 (testimony of the deciding official). Specifically, the Table of Penalties recommends the following range of penalties for the following types of first offenses: 10-day suspension to removal for misuse of Government time; 14-day suspension to removal for failure to perform duties while sleeping or exhibiting a sleep-like state when the employee occupies a position where safety of personnel or property is endangered; and reprimand to 14-day suspension for ignoring signs, posted rules, fire alarms, or written or verbal safety instructions or regulations. IAF, Tab 18 at 42, 46-47. The appellant does not dispute that the agency proved all three offenses and that he is held to a higher standard as a supervisor.

In addition, the appellant alleges that the penalty was inconsistent with penalties previously levied against other employees for similar offenses. The "consistency of the penalty with those imposed upon other employees for the same or similar offenses" is only one of the factors for consideration in determining the reasonableness of the penalty. *Douglas*, 5 M.S.P.R. at 305. Here, the administrative judge discussed the appellant's testimony that a retired supervisor who would sleep on duty was never disciplined. ID at 14; HT at 161-63 (testimony of the appellant). However, she did not determine whether the appellant's purported comparator is similarly situated for purposes of the appellant's allegation that the agency treated him more harshly than similarly situated individuals. Therefore, we modify the initial decision to supplement the administrative judge's analysis on this issue.

After the administrative judge issued the initial decision, the Board issued *Singh v. U.S. Postal Service*, 2022 MSPB 15. In *Singh*, the Board stated that the

universe of potential comparators "should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant." *Id*., ¶ 13.

Here, we find that the appellant has failed to provide a valid comparator because the retired supervisor did not purportedly engage in "the same or similar offenses" as him, i.e., exhibiting a sleep-like state while on duty, misuse of Government time, and failure to comply with security procedures. *Douglas*, 5 M.S.P.R. at 305; *see Singh*, 2022 MSPB 15, ¶ 17 (observing that the Board should not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated differently). Therefore, we find that the appellant has failed to establish that the agency treated him more harshly than similarly situated individuals. We further find that the deciding official's testimony that he worked with Human Resources to confirm that demotion was consistent with the penalties previously imposed for similar offenses by other employees proves that the agency considered the corresponding *Douglas* factor. ID at 16; HT at 37-38, 101, 108 (testimony of the deciding official); *see Douglas*, 5 M.S.P.R. at 305.

To support his arguments, the appellant cites the following court cases finding that the Board erred in analyzing the relevant *Douglas* factors: *Tartaglia v. Department of Veterans Affairs*, 858 F.3d 1405 (Fed. Cir. 2017); and *Bal v. Department of the Navy*, 729 F. App'x 923 (Fed. Cir. 2018). PFR File, Tab 1 at 5-6. He also cites a decision from the District of Columbia, Office of Employee Appeals (OEA), discussing a finding by the District of Columbia Court of Appeals that an administrative law judge erred by failing to discuss the relevant *Douglas* factors. PFR File, Tab 1 at 6; *see Washington v. District of Columbia Public School System, Department of Transportation*, OEA Matter No. 1601-0129-11R16 (July 18, 2016), *available at* https://casesearch.oea.dc.gov. Here, because we agree with the administrative judge's thorough and

well-reasoned analysis of the relevant *Douglas* factors, as modified, we find that the cases cited by the appellant are unavailing. ID at 13-17.

Accordingly, we affirm the agency's demotion action. *See Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶¶ 2, 5, 32 (2009) (concluding that, given the multiplicity of charges, the serious nature of each of the charges, the appellant's status as a supervisor, his admissions regarding his misconduct, and the deciding official's proper consideration of the relevant *Douglas* factors, the administrative judge properly affirmed the appellant's demotion from a Supervisory Air Traffic Control Specialist to an Air Traffic Control Specialist).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined(received) by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Service

Michael Dobbins
Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service

Jose Ortiz
Served on email address registered with MSPB

<u>Private Attorney</u>

Certified Mail

H. Jerome Briscoe
8246 Church Lane, Suite F.

Windsor Mills, Maryland 21244

| 07/05/2024 | *John Hayes* |
| :---: | :---: |
| (Date) | John Hayes |

FORM 8B. Notice of Unrepresented Person Appearance

Form 8B (p. 1)
October 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## NOTICE OF UNREPRESENTED PERSON APPEARANCE

Case Number      24-2290

Short Case Caption      Dobbins  v.  ~~Treasury~~  Transportation

**Instructions:** Refer to Federal Circuit Rule 47.3 for requirements governing appearance
in this court. Unrepresented persons must immediately file an amended Form 8B if contact
information changes. **A motion must be filed to change either the filing or service
selection during the pendency of the case.**

Complete page 1 of this form and, if applicable, either page 2 or 3 corresponding to your
filing and service selection. **Submit only one of pages 2 or 3; do not submit both.**

### ENTRY OF APPEARANCE

I am entering my appearance on my own behalf ("pro se") in the above case.

**Name:**      Michael Dobbins

**Address:**      21151 Adams Point Ter

Broadlands, VA 20148

**Phone:**  313-645-6811      **Email:** MDobbins84@gmail.com

### FILING AND SERVICE SELECTION

I will file all documents in the above case (select only one):

☐   in paper form by mail or in person, and I elect to receive all service by mail only.

☑   through the court's electronic filing system, and I have completed **page 2 (Consent
to Electronic Filing and Service)**; I understand I will receive service by email
only.

☐   in paper form by mail or in person, and I elect to receive all service by email at the
above email address and have completed **page 3 (Consent to Paper Filing and
Electronic Service)**.

I certify that all information is true and correct and that a failure to abide by the above
selections may result in my case being delayed or other actions deemed necessary by the
court.

Date: 10/14/2024      Signature: _____

Name:  Michael Dobbins

FORM 8B. Notice of Unrepresented Person Appearance

Form 8B (p. 2)
October 2023

## CONSENT TO ELECTRONIC FILING AND SERVICE

**Instructions:** Please review and check the box verifying your agreement with each item. All items must be selected before filing electronically with the court. If you are submitting this page, do not submit page 3 of this form.

☑ I have registered as a Non-Attorney filer with this court's electronic filing system (CM/ECF) through PACER at www.pacer.uscourts.gov.

☑ I agree to abide by the court's Electronic Filing Procedures, available at http://www.cafc.uscourts.gov/contact/clerks-office/filing-resources. I understand the court may revoke my electronic filing privileges if I repeatedly fail to comply with the Electronic Filing Procedures.

☑ I know how to convert a document into portable document format (PDF). I understand that I must file all documents for my case in PDF through the court's electronic filing system. *See* Fed. Cir. R. 25(c)(3) for paper copy requirements.

☑ I have regular access to: (1) a computer with internet access, (2) an email account, (3) a word processor, (4) a PDF reader and writer, and (5) a scanner to convert documents only available in paper format into electronic files.

☑ I understand that I will receive service of public filings only by email in this case. I understand that it is my responsibility to regularly monitor my email and docket to ensure I have not missed notifications.

☑ I understand that when I receive a filing notification email (Notice of Docket Activity), I will be able to view, save, and print publicly filed documents once without charge within 15 days but may then need to pay a fee.

☑ I will ensure the contact information associated with my electronic filer account remains current. I understand that the court is not responsible for missed notifications resulting from my failure to update my contact information.

☑ I understand that I may only file electronically in this case and I must seek leave of the court to revert to mail filing or service. I understand that I must submit a new Form 8B for other cases where I wish to file electronically.

☑ I understand I will receive service electronically in future cases where I am a party unless I file a Form 8B modifying my service selection in that case.

☑ I understand that the Clerk's Office cannot provide me with technical assistance or support with using or viewing email or my browser.

I certify that all information is true and correct and that failure to abide by the above selections may result in delays or adverse actions deemed necessary by the court.

Date: 10/14/2024

Signature: _____

Name: Michael Dobbins

FORM 10. Statement Concerning Discrimination

Form 10 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## FED. CIR. R. 15(c) STATEMENT CONCERNING DISCRIMINATION

**Case Number:** 24-2290

**Short Case Caption:** Dobbins V Transportation

**Name of Petitioner:** Michael Dobbin)

**Purpose:** This form is to help determine the proper forum for judicial review of a decision of the Merit Systems Protection Board (MSPB) or an Arbitrator, and in particular, those cases in which the federal employee has attributed the adverse employment action, in whole or in part, to bias based on race, color, religion, sex, age, national origin, or handicapping condition, in violation of federal antidiscrimination laws.

This court, while empowered to review MSPB and Arbitrator decisions dealing solely with civil-service claims, lacks authority to decide matters in which claims arising under federal discrimination laws have been asserted and not abandoned. Rather, the proper forum for judicial review of such matters is a federal district court. This form will assist the court in determining whether it needs to transfer a matter to a district court.

**Instructions:** Complete Section A. Complete Sections B and C only as directed by your answer to Section A.

## Section A

Before the MSPB or the Arbitrator, did you argue that the adverse employment action (1) was attributable to discrimination on the basis of race, color, religion, sex, age, national origin, or handicapping condition <u>or</u> (2) was retaliation for pursuing Equal Employment Opportunity activity?

☑ Yes (complete Sections B and C)      ☐ No (ignore Sections B and C)

FORM 10. Statement Concerning Discrimination                Form 10 (p. 2)
                                                            July 2020

## Section B

Complete this section only if you answered "Yes" to the question in Section A.

If you answered "No" to the question in Section A, skip this section.

1. Identify the discrimination claim(s) you raised before the MSPB or Arbitrator.

   Racial discrimination under Title VII of the Civil Rights Act of 1964, and
   Retaliation and Disparate treatment under the same statue.

2. Have you filed a discrimination case in a United States district court from the MSPB's or Arbitrator's decision?

   ☐ Yes    ☑ No

   If yes, please identify the case name(s) and number(s) and the status of the case(s) in the box below.

3. Have you filed a discrimination case with the Equal Employment Opportunity Commission from the MSPB's or Arbitrator's decision?

   ☐ Yes    ☑ No

   If yes, please identify the case name(s) and number(s) and the status of the case(s) in the box below.

FORM 10. Statement Concerning Discrimination

Form 10 (p. 3)
July 2020

## Section C

Complete this section only if you answered "Yes" to the question in Section A.

If you answered "No" to the question in Section A, skip this section.

Check only one of the boxes below.

☐ Although I did claim that I was discriminated against before the MSPB or the Arbitrator, I wish to abandon those discrimination claims and only pursue civil-service claims in the Federal Circuit rather than pursuing discrimination claims and civil-service claims in district court. I understand that this means I will not be able to raise the discrimination claims at any later point.

☑ I did claim that I was discriminated against before the MSPB or the Arbitrator and I do not wish to abandon my discrimination claims.

## CERTIFICATION

I certify the above information and any attached sheets (as necessary) are accurate and complete to the best of my knowledge.

Date: 8/19/24

Signature:

Name: Michael Dobbins

FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases)  Form 11 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### INFORMAL BRIEF OF PETITIONER/APPELLANT

| | |
|---|---|
| **Case Number:** | 24-2290 |
| **Short Case Caption:** | Dobbins V Transportation |
| **Name of Petitioner:** | Michael Dobbins |

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 30 pages.

Attach a copy of the initial and final decision/order of the Merit Systems Protection Board or arbitrator. You may also attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Have you ever had another case before this court?  ☐ Yes  ☑ No

   In a United States district court?  ☐ Yes  ☑ No

   Before the Equal Employment Opportunity Commission?  ☐ Yes  ☑ No

   If yes, identify the title and number of each case.

FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases)

Form 11 (p. 2)
July 2020

2. Did the MSPB or arbitrator incorrectly decide or fail to take into account any facts?  ☑ Yes  ☐ No

If yes, what facts?

> Misapplication of the Table of Penalties: The MSPB upheld the charge of misuse of government time, but the actual issue was tardiness—returning late from lunch. The FAA's Table of Penalties distinguishes between these offenses, and tardiness carries a lesser penalty. The MSPB failed to recognize this distinction.
> Disparate Treatment and Misrepresentation of Facts: The MSPB incorrectly concluded that I was not similarly situated to Bill Askew. We held the same job title, duties, and responsibilities. Despite more severe misconduct on his part, I received harsher discipline. The MSPB misrepresented these facts.
> Retaliation for Protected Activity: The MSPB ignored the protected activity I engaged in when I raised concerns about racial bias in February 2014. My demotion followed soon after, suggesting retaliation.
> Use of Illegally Obtained Evidence: The MSPB allowed the agency to rely on unauthorized photographs taken in violation of FAA policy, which should have been inadmissible.

3. Did the MSPB or arbitrator apply the wrong law?  ☑ Yes  ☐ No

If yes, what law should be applied?

> Douglas Factors: The MSPB failed to apply the Douglas factors correctly. Despite engaging in more severe misconduct, Bill Askew received no penalty to my knowledge, while I was demoted. Additionally, although I was demoted partly due to an alleged lack of confidence in my ability to perform the duties of an Operations Supervisor (OS), I was assigned the duties and responsibilities of a Controller in Charge (CIC) within a week. The CIC role involves the same responsibilities as a supervisor, minus disciplinary authority. This directly contradicts the agency's rationale for my demotion, showing inconsistency in their application of penalties and reasoning.
>
> Retaliation: The MSPB incorrectly dismissed my retaliation claim without properly applying the legal standards under Title VII of the Civil Rights Act. The MSPB did not properly consider my protected activity in February 2014 when I raised concerns about racial bias, which occurred shortly before my demotion.

4. Did the MSPB or arbitrator fail to consider important grounds for relief?

☑ Yes  ☐ No

If yes, what grounds?

> Consistency of Penalties: The MSPB did not adequately consider the requirement for consistent penalties across similarly situated employees. Bill Askew, who engaged in more severe misconduct, received no penalty to my knowledge, while I was demoted.
>
> Mischaracterization of Offense: The MSPB upheld the charge of abuse of government time, but the actual misconduct was tardiness—returning late from lunch. The FAA's Table of Penalties distinguishes between these offenses, with tardiness carrying a lesser penalty. The MSPB failed to properly recognize this distinction, which contributed to the unjustified severity of my penalty.
>
> Medical Condition: The MSPB did not properly consider my medical condition as a mitigating factor during the incident, which contributed to my conduct

FORM 11. **Informal Opening Brief (MSPB or Arbitrator Cases)**

Form 11 (p. 3)
July 2020

5. Are there other reasons why the MSPB's or arbitrator's decision was wrong?

☑ Yes  ☐ No

If yes, what reasons?

> Mischaracterization of Offense: The MSPB incorrectly upheld the charge of abuse of government time when the actual misconduct was tardiness—returning late from lunch. The FAA's Table of Penalties distinguishes between these offenses, and tardiness carries a much lesser penalty.
>
> Inconsistency in Roles: Despite being demoted due to an alleged lack of confidence in my ability to perform supervisory duties, I was assigned the duties of Controller in Charge (CIC) within a week. The CIC role involves the same responsibilities as a supervisor, minus disciplinary authority, which contradicts the rationale for my demotion.

6. What action do you want this court to take in this case?

> Vacate the MSPB's decision and remand the case for reconsideration with proper application of the Douglas factors and FAA policies.
>
> Reverse the decision to uphold the charge of abuse of government time and recognize the actual misconduct as tardiness, which carries a lesser penalty under the FAA's Table of Penalties.
>
> Order the removal of the demotion from my official record and provide appropriate backpay and benefits for lost wages as a result of the unjustified demotion.

Date: 10/16/2024

Signature:

Name: Michael Dobbins

# UNITED STATES COURT OF APPEALS
## for the
# FEDERAL CIRCUIT

**Michael Dobbins**

Petitioner/Appellant,

Docket No. 24-2290

v.

**Pete Buttigieg**, Secretary,

Date:

Department of Transportation.

## APPELLANT'S PETITION FOR SUBMISSION
## OF DOCUMENTS

     Michael Dobbins, Appellant, pro se, petitions this honorable Court to accept this the late filing of the necessary court documents. The following timeline outlines the reasons for the delay, which were beyond Appellant's control.

## STATEMENT OF FACTS

1. Appellant's complaint for wrongful demotion was heard before Administrative Judge Moran, of the Merit Systems Protection Board, (MSPB), on September 25,2018.

2. On or about November 7, 2018, the Administrative Judge entered his Decision, upholding the Agency's actions.

3. On December 7, 2018, Appellant filed a timely Petition for Review with the MSPB.

4. On or about July 5, 2024, after over five and a half years, MSPB issued its Final Order, upholding the AJ's Decision.

5. On August 9, 2024, Appellant filed a timely appeal to this honorable Court.

6. On September 5, 2024, the court documents, including Forms 8B, 11, 17, 6, and 10, were mailed to Appellant. However, Appellant did not receive the documents until September 12, 2024, due to delays in mail delivery.

7. On September 16, 2024 and continuing thru September 26, 2024, Appellant was sent the Agency to Tampa, Florida, for work-related training. The training sessions were scheduled from 8 a.m. to 5 p.m. each day, with very few breaks. This left little time for

Appellant to address any other matters, including completing and submitting the court documents. (See attached travel orders).

8. On September 19, 2024, Appellant, contacted the Appeals Court Clerk's Office for guidance on submitting the documents electronically. The Clerk advised Appellant to sign up for a PACER account, which Appellant did so, immediately.

9. Despite Appellant's prompt application, he did not receive approval for his PACER account until October 3, 2024, preventing Appellant from submitting the documents electronically in a timely manner.

10. On October 5, 2024, and thru October 11, 2024, Appellant was assigned to attend a work-related conference. The agenda for this conference was also from 8 a.m. to 5 p.m. daily. Appellant's travel was unexpectedly extended due to **Hurricane Milton.** Appellant unfortunately fell ill during this period, which further delayed his ability to complete the required forms. (See documentation for this work-related travel and registration).

11. Despite these challenges, Appellant has made every effort to complete and submit the necessary documents as soon as possible. The delays were due to circumstances beyond his control, including delayed mail, extensive work travel, Hurricane Milton, and illness.

12. Appellant remains committed to moving forward with this case, through these many years and appreciates the Court's understanding and consideration.


**WHEREFORE, APPELLANT REQUESTS,** this honorable Court,

A. Accept the late filing of initial documents.

B. Assist Appellant with the pro se application and use of on-line filing.

C. Grant Appellant such other and further relief as justice and the nature of his cause require.


Respectfully submitted,

Michael Dobbins, Appellant, pro se

10/16/24, 2:50 PM
Gmail - Travel Authorization 14487587 has received final approval
Case 2:25-cv-04394-MRA-SK Document 1-3 Filed 06/02/25 Page 91 of 111 (108 of 108)

 **Gmail**

michael dobbins <mdobbins84@gmail.com>

## Travel Authorization 14487587 has received final approval

1 message

**etravelservices@cwtsatotravel.com** <etravelservices@cwtsatotravel.com>
Reply-To: etravelservices@cwtsatotravel.com
To: Michael.D.DOBBINS@faa.gov, mdobbins84@gmail.com

Fri, Aug 30, 2024 at 6:16 AM

Dear MICHAEL DOBBINS

Travel authorization 14487587 has received final approval.

Trip ID: 14487587
Traveler name: MICHAEL DOBBINS
Minor Customer name: AJO AJTENFBWI BALTIMORE MD ATCT (AJTENFBWI) (AJTE49)
Purpose: 01249 Influence, Inquiry, Implications: Leaders Path to Future FLLI
Destination: Tampa, FL, United States
Dates: 2024-09-16 - 2024-09-26
Current status: Authorization Approved

Thank you for using E2Solutions. Help and support is available online by selecting the 'Online Help' link.
Please note: Replies to this mailbox are not monitored.

https://workforce.faa.gov/app/faa-wf_samlafne2travelprod_1/exk2k3uoe9Fz1IFIK4h7/sso/saml

Some E2 email notifications are optional. To manage your email notifications, go to E2 Solutions to change your email
settings. Click 'Profile' on the task bar and then click the 'Edit Email Notifications' link to manage the emails that you
receive from us.

Reference ID# T0006
----------------------
May Contain CUI
----------------------

This e-mail and any attachments may contain confidential and/or proprietary information. If you received this e-mail in
error, please notify the sender immediately by reply e-mail and delete the e-mail and any attachments; any further use of
such e-mail or attachments is strictly prohibited.

Case 2:25-cv-00624-APG Document 1-53 Page 339 Filed 05/07/2024 Page 92 of 111 (112 of 108)



**michael dobbins <mdobbins84@gmail.com>**

---

## Registration Confirmed - 43rd Annual FAAMA Convention & MTS Expo
1 message

---

**Beth Cox** <2024convention@faama.org>                                    Sun, Jun 16, 2024 at 9:57 AM
Reply-To: 2024convention@faama.org
To: Michael Dobbins <mdobbins84@gmail.com>



Dear Michael,

Your registration has been confirmed. Please save this email for future reference.

Event: 43rd Annual FAAMA Convention & MTS Expo

Attending: Michael Dobbins

Number in Party: 1

Time: 6:30 PM

Date: October 6, 2024

Confirmation Number: SCN8Z5248NY

## Registration Information

Michael Dobbins

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**MICHAEL D. DOBBINS,**
*Petitioner*

**v.**

**DEPARTMENT OF TRANSPORTATION,**
*Respondent*

_____

2024-2290

_____

Petition for review of the Merit Systems Protection
Board in No. CH-0752-18-0471-I-1.

_____

**ON MOTION**

_____

PER CURIAM.

### O R D E R

Michael D. Dobbins moves at ECF No. 9 for leave to file
certain documents out of time.  The court considers its ju-
risdiction.

Mr. Dobbins appealed his demotion to the Merit Sys-
tems Protection Board and raised an affirmative defense of
discrimination based on race.  The Board affirmed his de-
motion and rejected his discrimination claim.  In his filings

in this court, Mr. Dobbins indicates that he continues to pursue his discrimination claim.

Although we have authority to review certain Board decisions, our jurisdiction is limited in a way that may apply here. Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, § 7702. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). Where we lack jurisdiction, we shall, if it is in the interest of justice, transfer the case to an appropriate court. 28 U.S.C. § 1631.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) Within 30 days from the date of entry of this order, the parties are directed to address this court's jurisdiction including whether this matter should be dismissed or transferred and, if transferred, identify an appropriate court.

(2) ECF No. 9 is granted to the extent that documents filed as ECF Nos. 6–8 are accepted for filing. Otherwise, the proceedings are stayed.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

November 19, 2024
Date

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| MICHAEL DOBBINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2024-2290 |
| | ) | |
| DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S RESPONSE TO ORDER TO SHOW CAUSE

Respondent, the Department of Transportation (DOT), respectfully submits
this response to the Court's November 19, 2024 order directing the parties to
"address this court's jurisdiction, including whether this matter should be dismissed or
transferred and, if transferred, identify an appropriate court." ECF No. 10 at 2. This
Court lacks jurisdiction to entertain this appeal because the petitioner, Michael
Dobbins, alleged an affirmative defense of discrimination and indicated that he
wishes to continue to pursue his discrimination claim, despite the Merit Systems
Protection Board's (MSPB) rejection of it. The most appropriate district court is the
United States District Court for the Eastern District of Michigan. Thus, the Court
should transfer the case to the Eastern District of Michigan.

## STATEMENT OF THE ISSUE

Whether Mr. Dobbins presents a mixed case over which this Court does not have jurisdiction under 5 U.S.C. §7703(b)(2), and if so, whether this Court should transfer the matter to an appropriate district court.

## BACKGROUND

Mr. Dobbins petitions this Court for review of the decision of the full board of the MSPB upholding his demotion from the position of Supervisory Air Traffic Control Specialist, AT-2152-EJ, to the position of Air Traffic Control Specialist, AT-2152-EH, at the Willow Run Air Traffic Control Tower in Belleville, Michigan.  The full board issued its final decision on July 5, 2024, affirming the initial decision of the administrative judge.  *See* ECF No. 1-2 at 3.  This Court docketed Mr. Dobbins's petition for review on September 5, 2024, ECF No. 1-1 at 1, after he filed the appeal on August 29, 2024.  ECF No. 1-2 at 1.

In June 2014, the Federal Aviation Administration (FAA) demoted Mr. Dobbins for: (1) exhibiting a sleep-like state while on duty; (2) misuse of Government time; and (3) failure to comply with security procedures.  ECF No. 1-2 at 3.  Mr. Dobbins appealed his demotion to the MSPB, alleging affirmative defenses of "race discrimination, retaliation for activity protected under Title VII of the Civil Rights Act of 1964, and harmful procedural error."  *Id.*

In her initial decision, the administrative judge found that the FAA "proved all of its stated reasons for the demotion," that the FAA's "action was taken for such

cause as promotes the efficiency of the service," and "that the penalty of demotion is within the bounds of reasonableness." *Id.* at 4. The administrative judge further found that Mr. Dobbins did not prove his affirmative defenses. *Id.*

Mr. Dobbins filed a petition for review before the full board. *Id.* On appeal to the full board, Mr. Dobbins only challenged the administrative judge's findings regarding his affirmative defenses and the reasonableness of the penalty. *Id.* With respect to the penalty, Mr. Dobbins argued for the first time before the full board that the deciding official did not consider DOT's Table of Penalties. *Id.* The MSPB suggested that Mr. Dobbins had waived that argument and that it failed in any event because the deciding official did consider the Table of Penalties in making his decision. *Id.* at 5. Further, the MSPB agreed that the penalty of demotion was reasonable in light of the FAA's consideration of the relevant factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). *Id.* at 8.

With respect to Mr. Dobbins' affirmative defenses, the MSPB agreed "that [Mr. Dobbins] did not meet his burden of proving that race discrimination was a motivating factor in his demotion." *Id.* at 6. Likewise, the MSPB determined that even if Mr. Dobbins engaged in protected activity under Title VII when he purportedly told the deciding official that the FAA's investigation into allegations against him was the product of racial animus, Mr. Dobbins failed to prove by preponderant evidence that such activity was a motivating factor in his demotion. *Id.* at 6-7. Accordingly, the MSPB affirmed Mr. Dobbins' demotion. *Id.* at 12.

In the material appended to its opinion, the MSPB included instructions regarding further review of mixed cases. *Id.* at 13-14. The instructions indicated that Mr. Dobbins could seek judicial review in an appropriate district court within 30 days of the MSPB decision. *Id.* The instructions explicitly noted that if Mr. Dobbins wanted judicial review of his discrimination claims, the United States Court of Appeals for the Federal Circuit was not the appropriate court in which to file his action. *Id.* at 14.

Mr. Dobbins filed his petition for review in this case 55 days after the MSPB's decision. Before this Court, Mr. Dobbins filed a statement concerning discrimination. *See* ECF No. 7. In that document, Mr. Dobbins stipulated that he does not wish to abandon the discrimination claims that he presented to the board. *Id.* at 3. Section A of that statement asks whether Mr. Dobbins argued before the MSPB that the adverse employment action (1) was attributable to discrimination or (2) was retaliation for pursuing EEO activity. *Id.* at 1. Mr. Dobbins checked "yes" next to that box. *Id.* In Section C, Mr. Dobbins indicated that "[he] does <u>not</u> wish to abandon [his] discrimination claims" by checking the box next to that statement. *Id.* at 3 (underline in original).

# ARGUMENT

## I. This Court Lacks Jurisdiction Over Mr. Dobbins's Petition for Review Because This Is a Mixed Case and Mr. Dobbins Has Not Abandoned His Discrimination Claim

While this Court construes *pro se* litigants' pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this Court cannot reach the merits of the case unless it has subject matter jurisdiction. *Diggs v. Dep't of Hous. & Urb. Dev.*, 670 F.3d 1353, 1355 (Fed. Cir. 2011). If this Court lacks subject matter jurisdiction, it may either transfer the case to a different court or dismiss the case. *See* 28 U.S.C. § 1631 (noting that a court may transfer an action to a different court if it lacks jurisdiction). The Court may transfer the case to a different court only if: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the transferee court at the time the case was filed; and (3) the transfer is in the interests of justice. *Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374 (Fed. Cir. 2005); *see also Soliman v. United States*, 724 F. App'x 936, 941 (Fed. Cir. 2018).

This Court has limited jurisdiction over MSPB appeals. *Diggs*, 670 F.3d at 1355. This Court does not have jurisdiction over "'mixed' cases" or "those involving both: (1) 'a specific type of action against an agency which may be appealed to the [Board]'; and (2) 'an allegation in the nature of an affirmative defense that a basis for the action was discrimination within one of the categories' listed in 5 U.S.C. § 7702(a)(1)(B)." *Id.* (quoting *Williams v. Dep't of Army*, 715 F.2d 1485, 1487 (Fed. Cir. 1983) (en banc)). The Supreme Court has held that a mixed case, whether decided on the merits or on

procedural grounds, is properly reviewed by a United States district court. *Kloeckner v. Solis*, 568 U.S. 41, 56 (2012).

The Civil Service Reform Act established a comprehensive system of administrative and judicial review over mixed-case complaints, stipulating that if an employee seeks review of both a discrimination claim and a personnel action, then review is appropriate only in a United States district court. *See* 5 U.S.C. §§ 7702, 7703(b)(2). However, if the employee seeks review of only a discrimination claim, excluding all other issues, then review by the EEOC may be requested. 5 U.S.C. § 7702(b)(1). Only if the employee seeks review of an MSPB decision concerning a personnel action alone—abandoning any discrimination claims and no longer pursuing them in any forum—is review available in this Court. 5 U.S.C. § 7703(b)(1)(B). This Court, accordingly, does not possess jurisdiction to hear a mixed case unless there is a valid abandonment of the discrimination claim. *Diggs*, 670 F.3d at 1355 n.2 ("[W]e have jurisdiction over the adverse action claim if 'any claim of discrimination . . . raised before the [b]oard has been abandoned and will not be raised or continued in this or any other court.'").

Before the MSPB, Mr. Dobbins challenged his demotion by asserting that his demotion was a product of race discrimination. ECF No. 1-2 at 6. On this basis, Mr. Dobbins presented a mixed case to the MSPB. *Toyama v. Merit Systems Protection Bd.*, 481 F.3d 1361, 1364 (Fed. Cir. 2007) ("Mixed cases present claims of discrimination

based on race, color, religion, sex, national origin, age, or handicap, together with issues reviewable by the MSPB.").

After the MSPB affirmed the administrative judge's denial of Mr. Dobbins' discrimination claim, the board informed him that the proper forum for review of a case involving a discrimination defense is an appropriate district court or the EEOC. ECF No. 1-2 at 13-14.

Because Mr. Dobbins seeks review of a discrimination claim, this Court lacks jurisdiction over this case. *Toyama*, 481 F.3d at 1364; *Perry v. Merit Systems Protection Bd.*, 582 U.S. 420, 423 (2017) (holding that district courts should review dismissals of mixed cases, even if the dismissal is on jurisdictional grounds). Mr. Dobbins asserted that his demotion was improper because it allegedly was the result of race discrimination. ECF No. 1-2 at 6. Further, Mr. Dobbins's statement concerning discrimination represents that he does not wish to abandon his discrimination claim as he continues to challenge his demotion on this basis. ECF No. 7 at 1-3.

## II. The Court Should Transfer The Case To The Eastern District Of Michigan

Transfer is appropriate when three elements are met: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice. *Tex. Peanut*, 409 F.3d at 1374.

The Eastern District of Michigan would likely be the district court for Mr.

Dobbins to pursue his claim since the activity underlying his claim took place at the Willow Run Air Traffic Control Tower in Belleville, Michigan. *See* 28 U.S.C. § 1391(b)(2) (noting that a civil action may be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred"); *see also* ECF No. 1-2 at 3 (indicating that Mr. Dobbins' previous position and position following his demotion were at the Willow Run Air Traffic Control Tower in Belleville, Michigan). Accordingly, the case should be transferred to the United States District Court of the Eastern District of Michigan.[1]

## CONCLUSION

For the reasons above, we respectfully request that the Court transfer this case to the Eastern District of Michigan.

---

[1] Mr. Dobbins's petition for review was filed with this Court 55 days after the final order. Although Mr. Dobbins filed his petition in this Court outside the 30-day time limit for review of MSPB decisions involving discrimination, *see* 5 U.S.C. § 7703(b)(2), the district court would be best positioned to analyze any timeliness and tolling issues in light of *Harrow v. Department of Defense*, 601 U.S. 480 (2024).

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

PATRICIA M. McCARTHY
  *Director*

/s/ *Elizabeth M. Hosford*
ELIZABETH M. HOSFORD
  *Assistant Director*

/s/ *Kyle S. Beckrich*
KYLE S. BECKRICH
  *Trial Attorney*
  *Commercial Litigation Branch*
  *Civil Division*
  *U.S. Department of Justice*
  *P.O. Box 480, Ben Franklin Station*
  *Washington, DC 20044*
  *(202) 616-9322*
  *Kyle.Beckrich@usdoj.gov*

DECEMBER 5, 2024

**FORM 30. Certificate of Service**

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF SERVICE

**Case Number**   2024-2290

**Short Case Caption**   Dobbins v. Transportation

> **NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on   12/05/2024

by   ☑ U.S. Mail   ☐ Hand Delivery   ☐ Email   ☐ Facsimile
    ☐ Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Michael D. Dobbins | 21151 Adams Point Terrace<br>Broadlands, VA 20148 |
| | |
| | |
| | |
| | |

☐   Additional pages attached.

Date: 12/05/2024

Signature: /s/Kyle S. Beckrich

Name: Kyle S. Beckrich

United States Court of Appeals
for the Federal Circuit


MICHAEL D. DOBBINS,

Petitioner

v.

DEPARTMENT OF TRANSPORTATION,

Respondent

Case No. 24-2290

–

## PETITIONER'S JURISDICTIONAL RESPONSE


Michael D. Dobbins, Petitioner, pursuant to this Court's order dated November 19, 2024, respectfully submits this jurisdictional response addressing whether this Court has jurisdiction to hear this appeal and, if not, identifying the appropriate forum for this case.


### Jurisdictional Issue

This case involves an appeal from the Merit Systems Protection Board's (MSPB) decision affirming the petitioner's demotion and rejecting his affirmative defense of racial discrimination. Because this appeal constitutes a "mixed case" involving both an adverse employment action and a claim of discrimination under 5 U.S.C. § 7702, jurisdiction is governed by 5 U.S.C. § 7703(b)(2). Under this statute, jurisdiction over such cases lie with the federal district courts, not the Federal Circuit. See Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 437 (2017).

Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, § 7702. Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 437 (2017).

### Venue

The relevant employment actions and alleged discrimination occurred in Belleville, Michigan, which falls within the jurisdiction of the United States District Court for the Eastern District of Michigan. Therefore, this court would be the proper venue for adjudicating the petitioner's claims. Petitioner currently resides at Broadlands, Va. However, I have been tentatively selected to a promotion as Temporary Air traffic Manager of the Kalamazoo Air Traffic Control facility for one year not to exceed two years, starting some time has not been determined, and thus the Eastern District of Michigan will be domiciled in the jurisdiction of the Eastern District.

### Request for Transfer

28 U.S.C. § 1631, permits a court lacking jurisdiction to transfer a case to the appropriate court if it is in the interest of justice. Petitioner respectfully requests that this Court transfer this case to the United States District Court for the Eastern District of Michigan. Transfer would prevent unnecessary procedural delays and ensure that the petitioner's claims are adjudicated without prejudice or procedural barriers.

WHEREFORE, petitioner respectfully requests that the Court,

A. Transfer this case to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1631.

B. Grant Petitioner such other and further relief as justice and the nature of his cause require.

Respectfully submitted,

Michael Dobbins

Petitioner, Pro se

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **Dec 4, 2024,** I served a copy of the foregoing **Petitioner's Jurisdictional Response** on the following parties by electronic filing via email:

**Counsel for Respondent:**
Mr. Kyle Shane Beckrich
Trial Attorney, US Dept of Justice
Kyle.Beckrich@usdoj.gov

Respectfully submitted,

**Michael Dobbins**
**Petitioner, Pro se**
**21151 Adams Point Ter**
**Broadlands, VA 20148**
**313-645-6811**
**mdobbins84@gmail.com**



# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

JARRETT B. PERLOW
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

December 10, 2024

2024-2290 - Dobbins v. Transportation

## NOTICE OF NON-COMPLIANCE

The document (Response) submitted by Michael Dobbins is not in compliance with the rules of this court. Within <u>five business</u> days from the date of this notice, please submit a corrected version of this document correcting the following:

- The filing was not submitted in PDF through the court's electronic filing system. All documents filed by electronic filers must be submitted through the court's electronic filing system unless leave of the court is sought and obtained. Fed. Cir. R. 25(a)(1)(A)-(B).

\* \* \*

If applicable, the deadline for the next or responsive submission is computed from the original submission date, not the submission date of the corrected version.

When filing the corrected document, please include the word "Corrected" in the document title or on the cover. See Fed. Cir. R. 25(c)(4) and Fed. Cir. R. 25(i) for information concerning corrected filings.

<u>A party's failure to timely file a corrected document curing all defects identified on this notice may result in the original document being stricken from the docket.</u> An appellant's failure to cure a defective filing may also result in the dismissal of the appeal pursuant to Fed. R. App. P. 31(c).

FOR THE COURT



Jarrett B. Perlow
Clerk of Court

By: M. Ames, Deputy Clerk

United States Court of Appeals
for the Federal Circuit

MICHAEL D. DOBBINS,

Petitioner

v.

DEPARTMENT OF TRANSPORTATION,

Respondent

Case No. 24-2290

—

PETITIONER'S JURISDICTIONAL RESPONSE

Michael D. Dobbins, Petitioner, pursuant to this Court's order dated November 19, 2024, respectfully submits this jurisdictional response addressing whether this Court has jurisdiction to hear this appeal and, if not, identifying the appropriate forum for this case.

Jurisdictional Issue

This case involves an appeal from the Merit Systems Protection Board's (MSPB) decision affirming the petitioner's demotion and rejecting his affirmative defense of racial discrimination. Because this appeal constitutes a "mixed case" involving both an adverse employment action and a claim of discrimination under 5 U.S.C. § 7702, jurisdiction is governed by 5 U.S.C. § 7703(b)(2). Under this statute, jurisdiction over such cases lie with the federal district courts, not the Federal Circuit. See Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 437 (2017).

Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), which involve an allegation of an action appealable to the Board and an allegation that a basis for the action was covered discrimination, § 7702. Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 437 (2017).

### Venue

The relevant employment actions and alleged discrimination occurred in Belleville, Michigan, which falls within the jurisdiction of the United States District Court for the Eastern District of Michigan. Therefore, this court would be the proper venue for adjudicating the petitioner's claims. Petitioner currently resides at Broadlands, Va.  However, I have been tentatively selected to a promotion as Temporary Air traffic Manager of the Kalamazoo Air Traffic Control facility for one year not to exceed two years, starting some time has not been determined, and thus the Eastern District of Michigan will be domiciled in the jurisdiction of the Eastern District.

### Request for Transfer

28 U.S.C. § 1631, permits a court lacking jurisdiction to transfer a case to the appropriate court if it is in the interest of justice. Petitioner respectfully requests that this Court transfer this case to the United States District Court for the Eastern District of Michigan. Transfer would prevent unnecessary procedural delays and ensure that the petitioner's claims are adjudicated without prejudice or procedural barriers.


WHEREFORE, petitioner respectfully requests that the Court,

A.      Transfer this case to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1631.

B.       Grant Petitioner such other and further relief as justice and the nature of his cause require.


Respectfully submitted,



Michael Dobbins

Petitioner, Pro se

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **Dec 4, 2024**, I served a copy of the foregoing **Petitioner's Jurisdictional Response** on the following parties by electronic filing via email:

**Counsel for Respondent:**
Mr. Kyle Shane Beckrich
Trial Attorney, US Dept of Justice
Kyle.Beckrich@usdoj.gov

Respectfully submitted,

**Michael Dobbins**
Petitioner, Pro se
21151 Adams Point Ter
Broadlands, VA 20148
313-645-6811
mdobbins84@gmail.com